[Civ. No. 14091. Second Dist., Div. One. Oct. 4, 1943.]

IDA L. SECREST, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Frank Karr, C. W. Cornell, O. O. Collins and Malcolm Archbald for Respondents.

YORK, P. J.—By the instant action, appellant, the widow and only heir-at-law of Frank M. Secrest, deceased, seeks to recover damages for the death of the latter on August 1,

1941, as a result of injuries sustained by him on April 6, 1940, when an automobile driven by appellant and in which decedent was riding collided with a bus of the Los Angeles Motor Coach Company, at the intersection of Wilshire Boulevard and Parkview Street in the city of Los Angeles. The complaint alleges general negligence on the part of the corporate respondents, who owned the bus, and of respondent Fritch, who was operating the bus at the time of the collision.

Respondents by their answer deny negligence on their part and plead two affirmative defenses:

1. Contributory negligence of appellant as driver of the automobile;

2. Estoppel by judgment rendered in an action initiated by appellant and her husband for personal injuries arising out of the same collision against the same defendants and involving the same issues, to wit: an allegation and denial of negligence by defendants, and an affirmative defense of contributory negligence of Ida L. Secrest; that said issues were tried by a jury in May of 1941, resulting in a verdict for defendants, upon which judgment was entered May 16, 1941, which judgment is now final.

 Pursuant to respondents' motion under section 597 of the Code of Civil Procedure, the issue of the affirmative defense of estoppel was segregated, and trial proceeded solely upon that defense. Thereafter, the trial court, sitting without a jury, found that the issues presented by the instant litigation were determined adversely to appellant in the prior action for personal injuries, and since the issues upon which liability here depended were identical to those in the former trial, appellant was estopped from prosecuting the instant action for wrongful death.

This appeal is prosecuted from such judgment.

Appellant urges that the judgment is contrary to the law, in that an action for wrongful death in this state is a new cause of action in favor of the heirs as beneficiaries based upon their independent pecuniary injury suffered by the loss of a relative.

Respondents concede that an action for wrongful death under section 377 of the Code of Civil Procedure is a new cause of action. The nature of such action is discussed in 8 Cal.Jur. 958, section 19, as follows: "The action given by the California statute is, in general, the same as that accorded by Lord Campbell's Act. It is a new action—that is, one that had not previously obtained under the common

law—and not a continuation or revival of an old action or one that subsisted prior to the death. It is founded upon the injury causing death as it affects the heirs and personal representatives and not as it affects the decedent individually. In some states the acts are but statutes of survivorship. They carry over to some living person after the death of the injured person precisely the right of action and precisely the right of recovery which the injured person would have had if his injuries had not resulted fatally. But it is settled by many decisions in California that a plaintiff suing under section 376 or section 377 of the .Code of Civil Procedure does not represent the right of action which the deceased would have had if the latter had survived the injury. A new right is created entirely distinct from that which was vested in the injured person before his death. The right of action vested in a decedent abates and a new and independent cause of action for damages for his death immediately arises in favor of the heirs or personal representatives. Such right of action is wholly independent and it is no less independent because it has its origin in the same tort. . . . Under the California statute the injured person might survive long enough to sue and recover damages or to settle with the wrongdoer, and then by his death a new cause of action would accrue to his heirs.''

In support of her contention appellant cites the cases of *Earley* v. *Pacific Elec. Ry. Co.*, 176 Cal. 79 [167 P. 513, L.R.A. 1918A, 997], and *Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 P. 999]. In the Earley case, defendant presented a release of all claims and causes of action on account of injuries sustained by plaintiff as a bar to the action for wrongful death. The court there held that a new cause of action with a different measure of damages had accrued, and despite the fact that the injured party, prior to death, may have received a large sum of money in consideration for the release, the action for wrongful death could still be maintained, because it was an action which belonged to the heirs.

In the Blackwell case, it was held that the mere fact that a person during his lifetime had recovered damages for personal injuries did not of itself prevent his widow from recovering as an heir the damages sustained by her on account of his death resulting from such injuries.

It will be noted that in both of the cases cited by appellant, a *recovery* was had by the plaintiffs against the defendants

on account of the personal injuries sustained by them, while in the instant case such recovery was denied in the personal injury action, and a verdict rendered by the jury in favor of the defendants.

By rendering such verdict in favor of defendants in the personal injury action, the jury presumptively found, either that defendants were free from negligence, or that plaintiffs through want of ordinary care contributed to their own injuries. Appellant in the instant action for wrongful death was the driver of the automobile involved in the collision resulting in the injuries and death, and in addition to their defense of estoppel, respondents set up the affirmative defense of contributory negligence on the part of appellant.

It was stated in the case of *Todhunter* v. *Smith*, 219 Cal. 690, 695 [28 P.2d 916], cited by respondents, as follows:

"A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action. . . . The final adjudication of an inferior court made within its jurisdiction is binding and conclusive upon a higher court in a subsequent action. . . . In the superior court action herein, the right of plaintiff Todhunter to recover for personal injuries sustained by him in the automobile collision depended upon his establishing the negligence of appellant Smith and his own freedom from contributory negligence. These are the identical issues which were involved in the municipal court action, wherein Todhunter sought damages for injury to his automobile truck sustained in the same collision upon allegations set forth by him 'by way of cross-complaint,' which in legal effect constituted a counterclaim. By the judgment of the municipal court he was denied recovery. Smith having advanced the plea of *res judicata* by his answer in the superior court action herein, Todhunter cannot relitigate these issues."

In an annotated note appearing in 99 A.L.R. 1091, under the heading "Judgment in favor of defendant in an action for personal injuries as bar to suit for death caused by such injuries, and vice versa," the following statements are made:

". . . by the great weight of authority, the right of action for wrongful death created under statutes modeled after Lord

Campbell's Act is dependent upon the existence in the decedent, at the time of his death, of a right of action to recover damages for his injuries; and consequently a judgment in his favor recovered during his lifetime is a bar to an action for wrongful death instituted after his death by his widow or personal representative, since all right of recovery of the injured person is merged in or extinguished by such judgment, and no right of recovery exists at the time of the death to satisfy the requirements of the above stated general rule.

"If a judgment in favor of the injured party would have the effect of barring the cause of action for the wrongful death, it seems obvious that a judgment adverse to him would a fortiori have the same effect. And while there is authority to the contrary [citing cases] such is the ultimate conclusion reached by the weight of authority, either upon the analogy furnished by the rule and its reasons prevailing in the case of a judgment in favor of the injured party, or upon independent grounds, such as *res judicata* or estoppel by judgment, etc. [citing cases.] . . .

"The principal objection to this rule has been that since the cause of action in favor of the dependents is a new cause of action and one independent of the cause of action for the injuries (which at common law dies with the injured person), and since the action is not between the same parties, and involves different elements of damages, the doctrine of *res judicata* is inapplicable and therefore a judgment adverse to the injured person in an action commenced by him during his lifetime to recover damages for his injuries is not a bar to an entirely new action under the death statute, commenced by or in behalf of the statutory beneficiaries of the deceased, to recover damages resulting to them from the death of the decedent.

"*On the other hand, the counter argument against this contention, supported by the weight of authority, is that such a judgment, if rendered on the issues raised in the death action, strikes at the very foundation of the cause of action for death, since it negatives the existence of conditions which would charge the defendant with responsibility for the death.*" (Emphasis added.)

In the case of *Bowler* v. *Roos*, 213 Cal. 484 [2 P.2d 817], it was held that while one heir might be barred from recovering damages for the wrongful death of the deceased because

of the contributory negligence of such heir, this fact will not defeat recovery by another heir, who is not at fault.

In *Patania* v. *Yellow-Checker Cab Co.*, 102 Cal.App. 600, 604 [283 P. 295]; it was held that "Where a parent sues to recover damages for a child's wrongful death, recovery may not be had if the negligence of the parent proximately contributed thereto."

From the foregoing, it would appear that where a recovery was had and a liability established against defendants in the personal injury action, the additional action for wrongful death accrues under the provisions of section 377 of the Code of Civil Procedure. However, when the identical issues joined by the pleadings in the action for wrongful death were determined adversely to plaintiffs in the prior personal injury action, under facts and circumstances similar to those presented by the instant case, the defense of estoppel by judgment must be sustained. Because, the decision of the court in the prior action "negatives the existence of conditions which would charge the defendant with responsibility for the death." (99 A.L.R., *supra*.)

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.