**Mamie COWAN, as Administratrix of the Estate of Edward Brandon, Deceased, Plaintiff,**

**v.**

**PACIFIC GAMBLE ROBINSON CO., a/k/a Gamble Robinson Co., a corporation, Defendant.**

**No. 1052.**

United States District Court
D. Montana,
Butte Division.

Aug. 14, 1964.

Doepker & Hennessey, Butte, Mont., and Frank E. Blair, Virginia City, Mont., for plaintiff.

Poore, Poore & McKenzie and Urban Roth, Butte, Mont., for defendants.

WILLIAM D. MURRAY, Chief Judge.

The motion of the defendant for summary judgment having come on regularly for hearing, and an affidavit and briefs having been submitted in support of said motion, and briefs in opposition to said motion having been submitted, and the court having considered the oral arguments and the affidavit and briefs, and being fully advised in the premises, and it appearing to the court that there is no genuine issue as to any material fact remaining in this case,

NOW, THEREFORE, IT IS ORDERED and this does order that defendant's Motion for Summary Judgment be and the same is hereby granted, and judgment is entered for defendant.

Edward Brandon, a minor of the age of 18⅔ years at the time of his death, died as the result of a collision between a motorcycle on which he was riding and a truck being operated by defendant's agent on a public highway in Beaverhead County, Montana. As a result of his death an action was filed in the state court in Madison County, Montana, by his mother, Mamie Brandon, against Pacific Gamble Robinson and two

other defendants [1] under the provisions of the Montana Wrongful Death Statute, particularly Sec. 93–2809, R.C.M. 1947, which provides in part as follows:

"A father, or in case of his death or desertion of his family, the mother, may maintain an action for the injury or death of a minor child * * * when such injury or death is caused by the wrongful act or neglect of another * * *."

It was alleged in that action that the father of said Edward Brandon had predeceased him by many years, and that the said Edward Brandon left no surviving wife or children. That action was subsequently removed to, and tried in, the State District Court of Beaverhead County, Montana, and resulted in a jury's verdict in favor of the defendant Gamble Robinson.

The issues involved in the Beaverhead County action were the negligence of the defendant Gamble Robinson, and the contributory negligence and/or assumption of risk of the said Edward Brandon, and as stated above, the jury found some one or all of these issues in favor of the defendant, when it rendered its verdict for defendant.

Apparently it was discovered for the first time during the trial of the Beaverhead County action that the deceased Edward Brandon did not die instantly in the collision, but that he survived for some short time. Thereafter, the present action was commenced in this court by Mamie Cowan, as Administratrix of the Estate of Edward Brandon, deceased, against Pacific Gamble Robinson, under the Montana Survival Statute, Sec. 93–2824, R.C.M.1947, to recover for the injuries and damages alleged to have been sustained by the said Edward Brandon in the collision and prior to his death. In this connection, the Mamie Cowan who is the Administratrix, is the same person as Mamie Brandon, the plaintiff in the Beaverhead County case. She is the mother of the deceased Edward Brandon.

The complaint in this case alleges negligence on the part of the defendant in the operation of the truck, and that this negligence proximately caused the claimed damage to said Edward Brandon. In its answer, the defendant denies its negligence and sets up as defenses the contributory negligence and the assumption of risk on the part of Edward Brandon. Therefore, it is clear that the issues of defendant Gamble Robinson's negligence, and contributory negligence and assumption of risk of Edward Brandon tendered in the present case are the identical issues that some one or all of which were decided by the jury in the Beaverhead County case in favor of Gamble Robinson.

Furthermore, the parties are the same in each case, for while Mamie Brandon sued in the Beaverhead County case in a different capacity and on a different cause of action than she sues in the present case as Mamie Cowan, Administratrix, she, as the mother of Edward Brandon, would be the ultimate beneficiary of any recovery and is the real party in interest.[2] In the Beaverhead County action, Mrs. Brandon sued in her capacity as the mother of Edward Brandon to recover in her own right for his alleged wrongful death. Under the provisions of Sec. 93–2809, R.C.M. 1947, any recovery would have been for her own sole benefit as the mother, the father having predeceased Edward Brandon. In the present action, any recovery would be for the benefit of· the estate of Edward Brandon, deceased. As pointed out, no rights of creditors of said estate are involved. Section 91–

1. The other two defendants were the owners of the truck involved in the collision. They were subsequently dismissed as defendants when it was discovered that the truck was leased to, and was being operated under the control of Gamble Robinson. The absence of these other two defendants at the conclusion of the prior suit and from this case is of no significance here.

2. There is no suggestion that Edward Brandon was indebted to anyone at the time of his death, and hence rights of creditors are not involved.

403, subd. 2, R.C.M.1947, provides in part that "If the decedent leaves no issue, nor husband nor wife, the estate must go to the father and mother in equal shares, or if either be dead then to the other." Edward Brandon left no surviving wife nor children, and his mother would be the sole beneficiary of his estate under 91–403, subd. 2, R.C.M.1947, his father being dead. Thus in both the Beaverhead County case and the present case, the mother Mamie Brandon (Cowan) would be the ultimate beneficiary of any recovery.

Speaking of this situation where there are two causes of action, one under a survival statute, and one under a wrongful death statute, Sec. 92(c) of the Restatement of Judgments, p. 458, has this to say:

"There are therefor two distinct causes of action, one for harm to the decedent before death and one for harm resulting from the death to persons designated by statute. Judgment in one action therefore does not merge the claim set up in the other action and does not, of itself, bar the other action. On the other hand *if the two actions are brought on behalf of the same beneficiaries, any matter finally adjudicated in one action becomes res judicata in the other action.* * *."

In Secrest v. Pacific Electric Ry. Co., 60 Cal.App.2d 746, 141 P.2d 747, a California case involving actions under the survival statute and the wrongful death statute, the court stated at page 750:

"However, when the identical issues joined by the pleadings in the action for wrongful death were determined adversely to plaintiffs in the prior personal injury action, under facts and circumstances similar to those presented by the instant case, the defense of estoppel by judgment must be sustained; because the decision of the court in the prior action 'negatives the existence of conditions which would charge the defendant with responsibility for the death.'"

In the Secrest case, the sequence of the actions was different than in the instant case. In other words, in that case the deceased's action for his injuries was tried first and decided against plaintiff, and the action under the wrongful death statute was attempted secondly, whereas here the wrongful death action was tried first and the deceased's action for his personal injuries is brought subsequently. However, the same reasoning as in the Secrest case prevails, and the decision in the prior case negatives the existence of conditions which would charge the defendant with the responsibility for the accident.

The view expressed in the Restatement of Judgments and in the Secrest case represents the weight of authority, see Anno. 99 A.L.R. 1091, and while no Montana case has been cited or found by the court dealing specifically with the principle of res judicata or estoppel by judgment in a situation like the present one involving the survival and wrongful death statutes, the principle has been recognized by the Montana court in other situations. The principle was well stated by the Montana Supreme Court in In re Smith's Estate, 60 Mont. 276, 301, 199 P. 696, 704, as follows:

"The general principle announced in numerous cases that a right, question or fact distinctly put in issue and determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established so long as the judgment in the first suit remains unmodified."

Under the foregoing authorities it appears that the facts upon which plaintiff must rely for recovery in this case have been conclusively determined against her in the Beaverhead County case, and that, therefore, defendant's motion for summary judgment is well taken.