## TURNER *et al., v.* MORRISON *et al.*

A party who is unprepared for trial at the time of the calling of the case, should move for a continuance, and if he fail to do this, he waives his want of preparation, and cannot afterwards, when judgment has gone against him, move for a new trial on this ground.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The facts appear in the opinion of the Court.

*McConnell & Niles* for Appellants.

*A. A. Sargent* for Respondents.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., and FIELD, J., concurring.

This cause was tried below by a jury, and a verdict rendered for plaintiff. The defendant moved for a new trial on the ground of surprise, and in support of his motion filed affidavits setting out that one Henry Day was a necessary witness for the defense, that he had been duly served with a *subpœna* before the trial, and his fees tendered him, but that he did not attend on account of sickness.

It also appears by the statement that, at time of the trial, defendants' counsel stated in Court that the witness, who resided sixteen miles from the place of trial, had been *subpœnaed* by defendants, that the party who served the *subpœna* had neglected to return it, in consequence of which neglect, they were unable to make such proof of service as would entitle them to an attachment against the witness, and that they could not ask for a continuance of the cause, for the same reason.

The Court below granted a new trial, and plaintiffs appealed.

The order of the Court below was clearly erroneous. The facts set out in the affidavits in support of the motion for a new trial should have been made the foundation of an application for a continuance, so that the plaintiffs might, if they desired, have avoided the delay by admitting the evidence as stated in the affidavit of defendants. " That a

party came to the trial unprepared to make out his case, or establish his defense, has not even the appearance of a valid excuse. It is true that, sometimes, no amount of diligence or effort will suffice to arrange all the details and procure everything needful in time for the trial. But injury need not for that reason be sustained. Courts are extremely indulgent and liberal in granting adjournments, and they are seldom or never appealed to in vain in a proper case. Even where it is simply expedient that a continuance should be had, and much more where any necessity for it exists, they will not deny a postponement. It is therefore incumbent upon a party, if for any good reason he finds himself unprepared to go on, to state the circumstances to the Court and move for an adjournment. If he fail to do this, he waives his want of preparation, and all right after to object. Any other rule would work great injustice, and be attended with innumerable evils." (3 Graham & Waterman on New Trials, p. 894.)

" The parties," says Judge Kent, in Alexander *v.* Bryan, (2 John. Cas., 318) " must come to trial prepared, at their peril, and if either party has any good excuse for not being prepared, he is entitled of right to a postponement of the trial. It has, therefore, been repeatedly held, that the subsequent allegation of a party that he was not prepared, is no reason for granting a new trial, unless it be founded on the discovery of testimony of which the party was not at the time apprised.

By failing to apply for a postponement of the trial, plaintiffs waived their right to move for a new trial for reasons which existed at the time of the trial.

Judgment reversed.