[No. B013463. Second Dist., Div. Four. Feb. 14, 1986.]

MARTIN RAYMOND GARCIA, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Thomas C. Perkins for Plaintiff and Appellant.

Cotkin, Collins, Kolts & Franscell and Jeffrey M. Epstein for Defendants and Respondents.

**OPINION**

**LUKE, J.*—**Martin Raymond Garcia (appellant) appeals from an order granting a motion by the County of Los Angeles and Sheriff Peter J. Pitchess (respondents) for a new trial.

Appellant contends that: (1) it was reversible error for the trial court to grant respondents' motion for a new trial because of the absence of a witness where respondents, the proponents of the witness, failed to ask for a continuance; (2) no irregularity occurred on which to base the order granting a new trial since respondents failed to subpoena the absent witness, and failed to advise the trial court of his identity or the materiality of his testimony; and (3) if there was any irregularity providing the basis for the order granting a new trial, it was caused by respondents.

The facts are that appellant filed this action against respondents for false imprisonment and battery. At the trial, appellant testified that while he was in the custody of the Los Angeles County Sheriff for a misdemeanor charge from which he was later released as "the wrong man," respondents "yanked [him] out of line" at the county jail and "threw [him] up against the wall" for taking his hand out of his pocket to scratch his nose. Accord-

---

*Assigned by the Chairperson of the Judicial Council.

ing to his testimony, respondents then placed him in a closet-sized cell overnight without any bed, toilet or water.

During the trial, counsel for respondents, after calling four witnesses on the morning of February 14, 1985, advised the court that his last witness could not appear until 1:30 p.m. that afternoon, at which time he would be present. The court then recessed at 11:25 a.m.

When the court reconvened the trial at 1:30 p.m. on the same day, respondents' counsel informed the court that his witness had not yet arrived. At the court's suggestion, counsel for respondents made a phone call and reported back to the court that his witness was not at his work place. The court then asked respondents' counsel to review the jury instructions, indicating that unless appellant had some rebuttal testimony, which he did not, the court would start to instruct the jury. Before beginning its instructions to the jury, the court advised the jurors that one of respondents' witnesses had not arrived, therefore, appellant had rested voluntarily and respondents involuntarily.

The trial court completed its instructions to the jury after the arguments of opposing counsel were heard. The jury retired at 3:02 p.m. that afternoon to commence deliberations and returned on the following day with a verdict in appellant's favor for damages in the sum of $35,000. Judgment was entered for that amount less $750 pursuant to a prior settlement with a joint tort feasor.

After the entry of judgment for appellant, respondents made a motion for a new trial based, primarily, on an alleged irregularity consisting of the trial court's involuntary resting of respondents' case when their witness failed to appear, thereby depriving respondents of a fair trial. As a second ground for their motion, respondents alleged that the damages awarded were excessive.[1]

In support of the primary basis for their new trial motion, respondents alleged that at approximately 1:35 p.m. their counsel informed the court that the absent witness' coworkers said he had left work and was on his way to the courthouse. They also alleged that it was approximately 1:37 p.m. when the court involuntarily rested respondents' case because the witness had not yet arrived, and approximately 1:38 p.m. when the court began instructing the jury. They further alleged that at approximately 1:40 p.m.

---

[1]Since respondents' brief failed to mention the second ground alleged in their motion for a new trial, the issue of excessive damages was abandoned on appeal.

the witness, Lieutenant Brown, arrived at the courtroom, but could not enter because of a sign on the door prohibiting entrance.[2]

Additionally, in support of their motion for a new trial, respondents alleged that had Lieutenant Brown been able to testify, he would have testified that a deputy sheriff would have merely warned a prisoner who removed his hand from his pocket while in line, unless the prisoner was either aggressive or belligerent, in which case the deputy would have put him up against the wall for searching and probably would have placed him in an isolation cell. He would have further testified that the isolation cells at the county jail are approximately 12 feet long by nine feet wide, with bunks, toilets, washbasins, drinking fountains, and other facilities. He would have also testified that in order for a prisoner to be placed in an isolation cell, a written report would have to be submitted for approval by a watch sergeant and the watch commander, and that no such report was found in appellant's jail records.

In granting respondents' new trial motion, the trial court determined that its order involuntarily resting respondents' case when their witness did not appear as requested prevented them from having a fair trial and constituted an irregularity in the proceedings. The court further found that the irregularity was caused by respondents, and conditioned the granting of a new trial on respondents payment of $1,500 to appellant by April 18, 1985, at 5 p.m. to cover the costs incurred in the trial of this matter.

On April 16, 1985, respondents mailed a check to appellant in the specified amount. On April 19, 1985, appellant's counsel acknowledged receipt of that check and returned it to respondents. On April 23, 1985, appellant filed his notice of appeal from the order granting a new trial.

I

Appellant contends that it is reversible error for the trial court to grant a new trial based on the nonappearance of a witness, unless a continuance was requested by the proponent of the witness. We agree.

The authority for this position is the landmark decision of the Supreme Court in *Turner* v. *Morrison* (1858) 11 Cal. 21. In that case, the proponent of an absent witness informed the trial court that although the witness had been subpoenaed, no return of service had been made by the process server.

---

[2]At the hearing on respondents' motion for a new trial, the court specifically asked respondents' counsel if the times set forth in his supporting declaration were taken from the reporter's transcript. He answered in the negative, admitting that these times were taken from his notes which may not be exactly accurate.

Lacking proof of service, the proponent was unable to ask for a continuance. After an unfavorable verdict, the proponent moved for a new trial on the ground of surprise caused by the nonappearance of a necessary witness. In reversing the order granting a new trial, the court stated: "It is therefore incumbent upon a party, if for any good reason he finds himself unprepared to go on, to state the circumstances to the Court and move for an adjournment. If he fails to do this, he waives his want of preparation, and all right after to object. Any other rule would work great injustice, and be attended with innumerable evils. . . . [¶] "By failing to apply for a postponement of the trial, plaintiffs waived their right to move for a new trial for reasons which existed at the time of the trial." (*Turner* v. *Morrison, supra,* 11 Cal. at p. 22.)

In the present case, respondents merely advised the trial court that their witness was not present. They did not request a continuance at any time,[3] nor did they make any objection when the court indicated its intention to proceed with the trial.

One of the evils attendant to granting a new trial to the proponent of an absent witness who has not asked for a continuance is that it permits him to speculate on a favorable verdict.

*Kauffman* v. *De Mutiis* (1948) 31 Cal.2d 429 [189 P.2d 271], deals with such an evil. The trial court in *Kauffman* granted a new trial because of the failure of plaintiffs' witness to appear in response to a subpoena due to a misunderstanding as to whether the witness' testimony was needed. Plaintiffs did not request a continuance and the jury returned a verdict in favor of defendant. The Supreme Court reversed the order granting a new trial and commented: "[T]o allow a plaintiff a new trial when no continuance or other relief was asked at the time when he knew that a witness was not present gives counsel opportunity to speculate on a favorable verdict. . . . [¶] He must act at the earliest possible moment for the 'right to a new trial on the ground of surprise is waived if, when the surprise is discovered, it is not made known to the court, and no motion is made for a mistrial or continuance of the cause.' [Citations.]" (*Kauffman* v. *De Mutiis, supra,* 31 Cal.2d at p. 432.)

Similarly, in *Lewis* v. *Agricultural Ins. Co.* (1969) 2 Cal.App.3d 285 [82 Cal.Rptr. 509, 44 A.L.R.3d 1233], which upheld the denial of a

---

[3]Respondents' brief intimates that the court was unwilling to continue the trial, but such a claim is unsupported by the record. Also, in the supporting documents for their new trial motion, respondents maintain that the court indicated it would not have reopened the case when informed that respondents' witness had arrived after jury instructions had begun; however, there is nothing in the reporters' transcripts to substantiate that any such statement was made or that respondents asked the court to reopen the case.

new trial, the court provided: " '[T]he general rule is that the absence of a witness does not warrant the granting of a new trial on the ground of surprise, since the parties are bound to use reasonable diligence in endeavoring to procure the attendance of witnesses, and, in case of their nonappearance, to move for a continuance.' [Citation.]" (*Lewis* v. *Agricultural Ins. Co.*, *supra*, 2 Cal.App.3d at p. 294.)

Respondents argue that the cases cited by appellant are not applicable to the case at bar because in each of those cases the trial court's order granting a new trial was predicated on grounds of "accident or surprise" rather than, as here, an alleged "irregularity in the proceedings." We find this argument to be without merit.

Clearly, respondents in the instant case were surprised when their witness failed to appear. It was the witness' nonappearance that caused the trial court to rest respondents' case involuntarily. Respondents subsequently characterized the court's involuntary resting of their case as an irregularity in the proceedings. Since there is a direct causal connection between respondents' initial surprise and the alleged irregularity, we believe respondents' argument amounts to a distinction without a difference.

## II

Appellant contends that there was no irregularity on which the trial court could base its order granting a new trial.

The grounds for granting a new trial are set forth in Code of Civil Procedure section 657. This section provides in part that: "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: [¶] 1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial. . . . [¶] 3. Accident or surprise, which ordinary prudence could not have guarded against."

Here, respondents rely on the trial court's determination that the "irregularity in the proceedings" consisted of the order of court involuntarily resting respondents' case when their witness failed to appear as requested, so as to prevent respondents from having a fair trial.

It is appellant's contention, first, that the record is devoid of any showing that respondents' absent witness was either under subpoena or out of subpoena range; therefore, respondents did not have good cause for a continuance. West's California Rules of Court, 1985, Appendix Division 1, Section 9, provides in part that: "The following matters should . . . be considered good cause for granting the continuance of a trial date: . . . [¶] (3)(ii) The unavailability of a witness *only* where the witness had been subpenaed or is beyond the reach of subpena and has agreed to be present, and his absence is due to an unavoidable emergency that counsel did not know and could not reasonably have known at the time of the pretrial or trial setting conference." (Italics added.)

Appellant's second contention is that respondents did not advise the trial court of the absent witness' identity or the materiality of his testimony until the time of filing their motion and supporting documents for a new trial.

In *Marcucci* v. *Vowinckel* (1913) 164 Cal. 693 [130 P. 430], our Supreme Court affirmed the judgment of a trial court which refused to continue the trial from the afternoon of the last day of the trial until the following morning to enable plaintiffs to call three additional witnesses. Among the bases for the court's ruling was that the names of the witnesses and the materiality of their testimony were not shown.

In the case at bench, respondents failed to advise the trial court of Lieutenant Brown's identity or the substance of his testimony at the time when they were first discovered that he was not present. (See *Kauffman* v. *De Mutiis, supra,* 31 Cal.2d at p. 432.) Even if they had made a timely disclosure of such information, it is unlikely that the court would have found it to constitute good cause for a continuance, if one had been requested, because Lieutenant Brown was not a percipient witness to the events on which appellant's complaint was founded.

According to respondents' own declarations in support of their new trial motion, Lieutenant Brown could have testified only to the policies of his department regarding prisoner-jailer confrontations, the physical condition of the jail facilities in which appellant was confined, and the prescribed procedure for placing a prisoner in an isolation cell. All of this could have been testified to by a deputy sheriff called by respondents, in which case Lieutenant Brown's testimony would have been cumulative.

We think all of appellant's contentions, considered together, warrant a finding that there was no irregularity perpetrated by the trial court.

### III

Appellant contends that respondents caused the situation for which the order for a new trial was granted. This point is conceded.

The trial court's order expressly stated that the "irregularity" was caused by respondents. Assuming, arguendo, that the situation referred to by appellant is in fact an irregularity, as urged by respondents and found by the court, it was an error invited by respondents for which they can have no relief. As the court stated in *Pobor* v. *Western Pac. R.R. Co.* (1961) 55 Cal.2d 314, 320 [11 Cal.Rptr. 106, 359 P.2d 474]: "It is settled that a party may not complain of error which he has himself invited. [Citations.]"

Nonetheless, respondents correctly note that in *Jiminez* v. *Sears, Roebuck & Co.* (1971) 4 Cal.3d 379, 387 [93 Cal.Rptr. 769, 482 P.2d 681, 52 A.L.R.3d 92], the Supreme Court enunciated the standard of review for the determination of a motion for a new trial. In that case, the court emphasized that: "The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears."

 It is contended by appellant, however, and we agree, that in this situation it was an abuse of discretion for the trial court to grant a new trial. In *Osborne* v. *Cal-Am Financial Corp.* (1978) 80 Cal.App.3d 259 [145 Cal.Rptr. 584], the court in reversing an order for a new trial, one of the grounds for which was the trial court's refusal to let a witness testify on rebuttal, held that: "[T]he trial court is bound by the rule of California Constitution, article VI, section 13, that prejudicial error is the basis for a new trial, and there is no discretion to grant a new trial for harmless error. [Citation.] [¶] . . . . In this case, however, the trial judge appears to be saying he does not think his conduct could have been prejudicial; but he grants a new trial because he believes such grant is required as a matter of form to foster the appearance of justice. If that is the basis for his order, it is unsound, because it is clear that new trials may not be granted except for prejudicial error. The grant of a new trial for harmless error violates the constitutional provision and wastes judicial time and resources to no purpose. [¶] Accordingly, the order granting a new trial is valid only if prejudicial error occurred at the trial." (*Osborne* v. *Cal-Am Financial Corp., supra*, 80 Cal.App.3d at pp. 265-266.)

 We conclude that any error committed here which provided the basis for the trial court's order granting a new trial was harmless and not prejudicial.

The order granting respondents' motion for a new trial is reversed.

Woods, P. J., and Arguelles, J., concurred.