[No. G009517. Fourth Dist., Div. Three. June 28, 1991.]

TERRY Y. BROWN et al., Plaintiffs and Appellants, v.
NAINAMOHAMED A. RAHMAN, Defendant and Respondent.

COUNSEL

Low & Low and Elmer Low for Plaintiffs and Appellants.

Hillsinger & Costanzo, Carol A. Salmacia, Michael V. Madigan and Lisa S. Morse for Defendant and Respondent.

OPINION

SONENSHINE, J.—Terry Y. Brown and Barbara L. Whisenant, as executors of the estate of Brenda Lu McNeil, appeal an adverse summary judgment entered in their wrongful death action against Dr. Nainamohamed A. Rahman. The court found that because Rahman had been adjudged not liable in McNeil's personal injury action, her heirs were collaterally estopped from relitigating the issue of the doctor's liability. We agree and affirm accordingly.

I.

McNeil sued Rahman and Dr. Charles Crusinberry for medical malpractice. On appeal, a jury verdict in Rahman's favor was affirmed; a verdict against Crusinberry was reversed and the matter was remanded for a new trial.

McNeil died while the appeal was pending. Brown and Whisenant, as executors, filed the underlying wrongful death action against Rahman and Crusinberry on behalf of McNeil's husband[1] and parents. The lawsuit was based on the same acts of negligence alleged in the malpractice suit.

II.

██ Code of Civil Procedure section 377,[2] California's wrongful death statute, confers a cause of action on the heirs of an injured person *independent of* that person's claim for personal injuries.[3] (*Earley* v. *Pacific Electric*

---

[1]McNeil's husband, suing for loss of consortium, joined in the personal injury suit against Rahman. Brown and Whisenant concede collateral estoppel bars his wrongful death claim.

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

[3]Some jurisdictions consider the cause of action to be derivative of the injured person's rights. In those instances, the heirs "can sue only if the decedent would still be in a position to sue." (Rest.2d Judgments, § 46, com. b, pp. 17-18.) And, any adjudication of a personal injury claim prior to death, favorable or not, collaterally estops the injured party's heirs from thereafter litigating a wrongful death action. (*Ibid.*)

However, when a wrongful death statute provides for an independent cause of action in the heirs, the heirs are notprecluded from litigating their own damages if the injured party

*Ry. Co.* (1917) 176 Cal. 79, 81-82 [167 P. 513]). In *Blackwell v. American Film Co.* (1922) 189 Cal. 689, 693-694 [209 P. 999], our Supreme Court held that section 377 did not bar an heir from pursuing a wrongful death claim even when the decedent had already recovered for personal injuries in a prior action. The court explained that the purpose of a wrongful death suit is "not to recover damages for the injuries and consequent suffering and loss to the decedent, but to recover as an heir or personal representative the damages she [or he] has sustained by reason of the decedent's death. [Citations.]" (*Id.* at p. 694.)

The "life" of the wrongful death action is dependent upon the outcome of the original personal injury suit. If the injured party prevailed, the heirs are not precluded from seeking their own damages. Where the judgment was *adverse* to the decedent, however, the contemporary view, and the one to which we subscribe, is that the heirs are collaterally estopped from relitigating the issue.

■ "Collateral estoppel precludes a party to an action from relitigating in a second proceeding matters litigated and determined in a prior proceeding. [Citations.]" (*People v. Sims* (1982) 32 Cal.3d 468, 477 [186 Cal.Rptr. 77, 651 P.2d 321], fn. omitted.) However, "a party will be collaterally estopped from relitigating an issue only if (1) the issue decided in a prior adjudication is identical with that presented in the action in question; *and* (2) there was a final judgment on the merits; *and* (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication. [Citation.] This requirement of identity of parties or privity is a requirement of due process of law. [Citations.]" (*Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098].)

■ Rahman's liability was litigated, and his liability is identical in both suits. The heirs contend, however, that because they are not in privity with McNeil, they have a due process right to be heard. We cannot agree.

■ "The definition of privity refers to 'a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is

prevailed in the personal injury action. (Rest.2d Judgments, *supra*, § 46, com. c, p. 19.) In fact, in such an instance, the heirs may assert collateral estoppel against the defendant on the issue of liability. (*Ibid.*) But if the judgment was *adverse* to the decedent, the prior action is *usually* deemed a bar to the heirs relitigating the issue of the defendant's liability. (Rest.2d Judgments, *supra*, § 46, rptr.'s notes, p. 21.)

" 'sufficiently close' " so as to justify application of the doctrine of collateral estoppel [citations].' [Citation.]" (*Ceresino* v. *Fire Ins. Exchange* (1989) 215 Cal.App.3d 814, 820 [264 Cal.Rptr. 30].) Historically, parties were not deemed to be in privity unless they shared the same legal interests. (*Zaragosa* v. *Craven* (1949) 33 Cal.2d 315, 318 [202 P.2d 73, 6 A.L.R.2d 461].) In *Clemmer*, however, our Supreme Court delineated a more contemporary approach: "In the context of collateral estoppel, due process requires that the party to be estopped had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication. [Citation.]" (*Clemmer* v. *Hartford Insurance Co., supra*, 22 Cal.3d at p. 875.)

Two California appellate decisions have expressed conflicting views on the impact of privity on an heir's right to relitigate the issue of liability.[4] In *Kaiser Foundation Hospitals* v. *Superior Court* (1967) 254 Cal.App.2d 327 [62 Cal.Rptr. 330], the court found that a daughter was not barred from relitigating a hospital's liability in a wrongful death suit, even though her mother had been unsuccessful in her personal injury action.[5] (*Id.* at p. 335.) The court reasoned there was no privity between mother and daughter; the cause of action for wrongful death was "not derivative in character or a continuation or revival of the cause of action which her mother had before her death." (*Id.* at p. 333.)[6]

The court in *Evans* v. *Celotex Corp.* (1987) 194 Cal.App.3d 741 [238 Cal.Rptr. 259], however, following *Clemmer* v. *Hartford Insurance Co.,*

[4]Appellants adopt as their own the view espoused in Comment, *Does an Adverse Judgment in a Personal Injury Action Bar a Subsequent Wrongful Death Action?* (1988) 20 Pacific L.J. 221. The author advocates the position that an heir's right to bring an action for wrongful death should be completely unaffected by an adverse judgment in the personal injury suit.

[5]To our knowledge, in only one other jurisdiction have heirs been permitted to relitigate the issue of liability after the defendant prevailed in a prior action. (See *DeHart, Admx.* v. *Ohio Fuel Gas Co.* (1948) 84 Ohio App. 62 [39 Ohio Ops. 101, 85 N.E.2d 586].)

This approach has been strongly criticized in the Restatement Second of Judgments: "To allow the beneficiaries to sue when the decedent lost his [or her] personal injury action subjects the defendant to two suits over the question of his [or her] liability, with the possibility of inconsistent results. It also allows what seems worse than double recovery, an opportunity by one member of a family to recover a loss that was legally refused when sought by another. Furthermore, such a rule has the result that the alleged tortfeasor is bound by the determination of liability if he [or she] loses . . . but does not gain exoneration if he [or she] wins, which is anomalous given the community of interest among his [or her] adversaries." (Rest.2d Judgments, *supra*, § 46, com. c, p. 19.)

[6]In an earlier case, *Secrest* v. *Pacific Electric Ry. Co.* (1943) 60 Cal.App.2d 746 [141 P.2d 747], the court disallowed the wrongful death claim. There, however, the heir had been a party to the prior suit. It is not clear if the court would otherwise have applied collateral estoppel.

*supra*, 22 Cal.3d 865, held the heirs were barred from relitigating the liability of the defendant, who had prevailed in the decedent's prior personal injury action. In so holding, the court criticized the reasoning of *Kaiser*, stating, "Collateral estoppel bars relitigation of the same issues; it does not require identity of legal theories or causes of action." (194 Cal.App.3d at p. 746.)

In *Evans*, the court found "[p]laintiffs' interests in the wrongful death action are inextricably linked to the determination of the deceased's rights in the prior action. The loss they suffer arises by virtue of the injury caused to the deceased . . . . It would be anomalous to deny recovery to the deceased but to award damages to his [or her] heirs based on the same set of facts and legal issues. Further, it can fairly be said that plaintiffs' legal interests were adequately represented in the personal injury action as if they had been parties thereto. As such, they are deemed to be in privity with him [or her]."[7] (194 Cal.App.3d at p. 746.)

We find the reasoning in *Evans* to be persuasive. McNeil's heirs, although not parties to the prior action, have such an identity of interest with McNeil in the prior suit as to reasonably expect to be bound by that decision. As in *Evans*, the success of the heirs' wrongful death suit is inextricably linked to the determination of McNeil's rights against Rahman. Moreover, we note that the attorney representing the heirs is the same individual who represented McNeil in her personal injury action. Indeed, this fact, without more, would tend to supply the identity of interest required to establish privity.[8]

Of course, due process requires adequate representation of the legal interests of the heirs in the prior action. This requirement has been met. It is highly improbable the heirs could have been prejudiced in any way by McNeil's representation in the prior action; McNeil had every incentive

[7]Recent cases from other jurisdictions support the Evans reasoning. For example, in *Alfone v. Sarno* (1981) 87 N.J. 99, 111 [432 A.2d 857, 26 A.L.R.4th 1237], the court stated, "[I]t would not be fair to one charged with liability for a wrongful act to defend successfully against the charge in a personal injury suit but subsequently to be forced to defend a second time, possibly years later, for death resulting from those same injuries."

In *Aguilar* v. *Los Angeles County* (1985) 751 F.2d 1089, the Court of Appeals for the Ninth Circuit, applying recent California law in a diversity case, criticized *Kaiser*, finding the case "reflects outdated notions of privity under the California law of collateral estoppel. The concept of privity 'has been expanded . . . to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is "sufficiently close" so as to justify the application of the doctrine of collateral estoppel.' [Citations.]" (*Id.* at p. 1093.)

[8]The New Jersey Supreme Court, in *Alfone* v. *Sarno, supra*, 87 N.J. 99, offered the following explanation of this concept: "[T]he right to recover for wrongful death derives directly from the tortious act or omission of the defendant against the decedent. Defendant committed one wrong against the decedent which resulted in injuries first and death later." (*Id.* at p. 110.)

to fully litigate the issue of Rahman's liability. Her inability to establish liability, however, foreclosed her heirs from making another attempt.

Judgment affirmed. Respondent shall receive costs on appeal.

Sills, P. J., and Crosby, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 19, 1991.