[No. C037622. Third Dist. June 26, 2002.]

ANTONIO GARCIA, a Minor, etc., Plaintiff and Respondent, v.
REHRIG INTERNATIONAL, INC., Defendant and Appellant.

## COUNSEL

Bolling, Walter & Gawthrop, Marjorie E. Manning and Alfred Gawthrop, Jr., for Defendant and Appellant.

Trezza, Ithurburn, Steidlmayer & Ithurburn, Bertrand F. Ithurburn and Michael J. Trezza for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Following a unanimous defense verdict by a jury in this personal injury case, the trial court granted a new trial to plaintiff Antonio Garcia, a minor represented by guardian ad litem Matthew Trezza, on the ground that defense counsel committed misconduct in closing argument to the jury. Defendant Rehrig International, Inc. (Rehrig) appeals from the order granting a new trial, contending (1) there was no impropriety by defense counsel; (2) plaintiff waived any impropriety by failing to make a proper objection; and (3) any irregularity in closing argument was harmless because, among other reasons, the trial court erroneously denied defendant's earlier motion for nonsuit.[1] We agree with the final point and shall reverse the order granting a new trial.

In arriving at this disposition, we respectfully disagree with *Kaiser Foundation Hospitals v. Superior Court* (1967) 254 Cal.App.2d 327 [62 Cal.Rptr. 330], which held that the doctrine of collateral estoppel did not preclude the claim of a minor daughter for wrongful death, based on medical malpractice, even though a jury had previously found no liability by defendants in the mother's action for medical malpractice based on the same facts.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves the second trial at which defendant has been found not liable, by unanimous jury verdict, for negligence, design defect, or failure to warn of a defective product arising from the same incident.

---

[1] An order granting a new trial is expressly appealable under Code of Civil Procedure section 904.1, subdivision (a)(4).

On September 15, 1994, around 9:30 p.m., three-year-old Antonio Garcia fell out of a shopping cart at the Food-4-Less grocery store in Yuba City, while shopping with his parents and two brothers, ages two and one. As described by Antonio's father, Antonio was riding in the large grocery part of the cart being pushed by his father, because his brother Christopher was in the seat of that cart, while his other brother was in the seat of the cart being pushed by his mother. At the checkout counter, Antonio stood up in the cart and tried to reach gum on the candy rack. At the same time, Christopher tried to get out of the seat. Antonio fell out of the cart while the father was restraining his brother.

Antonio and his parents sued defendant Rehrig, the manufacturer of the shopping cart, upon negligence and products liability theories. Antonio's claim was dismissed without prejudice because the extent of his injuries had not been ascertained, and the parents' claim (which is not at issue in this appeal) proceeded to trial (*Garcia I*). In February 1997 the jury in *Garcia I* returned a unanimous verdict in favor of defendant, finding there was no negligence, product defect or failure to warn on defendant's part. Judgment was entered on the verdict and became final.

In 1997, Antonio, through a guardian ad litem, brought this suit against defendant Rehrig, alleging negligence and products liability theories of failure to warn of the danger of the cart and failure to install seat belts (on the theory developed at trial that if Christopher had been restrained by a seat belt, the father would have been free to restrain Antonio from falling). The complaint also sought punitive damages; that claim was bifurcated. Defendant moved for nonsuit on the grounds the verdict in *Garcia I* collaterally estopped this suit (*Garcia II*). The trial court denied the motion. *Garcia II* proceeded to a jury trial in October 2000.

The evidence adduced at trial included an admission by the father that he knew before the accident that it was dangerous for Antonio to be standing up in the cart. The father also testified there was no problem with the operation of the cart itself. The cart bore a "pictogram" warning, depicting a child standing in the basket and a child hanging on the basket with an "X" drawn through the picture. A defense expert opined the accident occurred because a child was permitted to stand up in the basket area of the cart. He opined a seat belt in the seated portion would not have prevented the accident, because Antonio was not in the seat area of the cart; rather, he was in the basket area of the cart. The jury saw a videotaped deposition of plaintiff's expert, who opined a seat belt would have prevented the accident, because had Christopher been restrained by a seat belt, the father would have been free to stop Antonio from falling. Plaintiff's expert opined the cart was

dangerous and further indicated he did not think the father appreciated the danger before the accident (despite the father's admission that he did).

The jury in *Garcia II* unanimously returned a verdict in favor of defendant, finding there was no negligence, no design defect, and no failure to warn.

Plaintiff then filed a motion for new trial on various grounds including irregularity in the proceedings and error of law, based on an allegedly improper statement by defense counsel to the jury in closing argument, to which plaintiff's counsel objected, in which defense counsel argued that the only reason defendant was sued was that it was a "Deep Pocket."[2] Defendant opposed the motion for new trial.

The trial court granted plaintiff's motion for new trial on the ground that the "Deep Pocket" argument of defense counsel constituted prejudicial misconduct.

Defendant appeals from the order granting a new trial.

### DISCUSSION

I. *Standard of Review*

■ "A trial court has broad discretion in ruling on a motion for a new trial, and there is a strong presumption that it properly exercised that discretion. ' "The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears." ' [Citation.]" (*People v. Davis* (1995) 10 Cal.4th 463, 524 [41 Cal.Rptr.2d 826, 896 P.2d 119].)

■ "Misconduct of counsel as a ground for new trial presents a matter primarily committed to the trial court. [Citation.] The judge who presides over the trial, who hears the testimony and the arguments, and whose own experience gives him a fine sense of the general atmosphere of trial proceedings, is in a far better position than appellate judges to evaluate the effect of disputed argument." (*Henninger v. Southern Pacific Co.* (1967) 250 Cal.App.2d 872, 881 [59 Cal.Rptr. 76].)

However, article VI, section 13 of the California Constitution provides: "No judgment shall be set aside, *or new trial granted*, in any cause, on the

---

[2]Other grounds stated in the motion are not at issue on appeal.

ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Italics added.)

" '[T]he trial court is bound by the rule of California Constitution, article VI, section 13, that prejudicial error is the basis for a new trial, and there is no discretion to grant a new trial for harmless error. [Citation.] . . . The grant of a new trial for harmless error violates the constitutional provision and wastes judicial time and resources to no purpose. [¶] Accordingly, the order granting a new trial is valid only if prejudicial error occurred at the trial.' [Citation.]" (*Garcia v. County of Los Angeles* (1986) 177 Cal.App.3d 633, 641 [223 Cal.Rptr. 100].)

II.  *Effect of Nonsuit Ruling on New Trial Order*

A.  *Defendant May Contest the Propriety of the Denial of Its Nonsuit Motion*

For purposes of this appeal, we shall assume without deciding that the trial court was within its discretion in determining that defense counsel's closing argument to the jury was improper and prejudicial, and that a new trial was justified on that basis. Nevertheless, since the constitutional requirement of prejudice applies to the trial court's determination of a new trial motion (*Garcia v. County of Los Angeles, supra,* 177 Cal.App.3d at p. 641), any error or irregularity in closing argument was necessarily harmless if defendant was entitled to a judgment of nonsuit that would have taken the case from the jury.

In its opening brief on appeal, defendant argues that even if error occurred during closing argument, it was harmless because defendant had earlier established its entitlement to nonsuit on collateral estoppel grounds (on the theory that plaintiff was bound by the prior defense verdict finding no liability in the suit brought by his parents) but the trial court erroneously denied nonsuit.

In his respondent's brief, plaintiff does not respond on the merits but merely argues (without citation of any authority other than Code Civ. Proc., § 904.1) that defendant's notice of appeal from the new trial order precludes defendant from arguing about the earlier interlocutory ruling on the nonsuit motion, because the notice of appeal does not refer to the nonsuit ruling.

Rule 1(a)(2) of the California Rules of Court provides in pertinent part: "The notice [of appeal] is sufficient if it identifies the particular

judgment or order being appealed." Thus, as a general rule, "a notice specifying a certain part of the judgment brings up only that part of the judgment. [Citation.]" (*In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112 [240 Cal.Rptr. 445].) ■ However, as pointed out in defendant's reply brief, a trial court cannot grant a new trial if error occurring during trial was harmless. (*Garcia v. County of Los Angeles, supra,* 177 Cal.App.3d 633, 641; *Osborne v. Cal-Am Financial Corp.* (1978) 80 Cal.App.3d 259, 265-266 [145 Cal.Rptr. 584].)

We agree with defendant that on this appeal from the grant of a new trial, defendant may press its contention that any irregularity in closing argument was harmless, in that the case never should have gone to the jury in the first place, because the trial court should have granted defendant's earlier motion for nonsuit. This is an argument that the motion for new trial was erroneously granted. As such, the argument may be advanced in an appeal from the order granting a new trial.

### B.  *Background*

On the last day of trial, defendant moved for nonsuit on the ground of collateral estoppel, arguing the issue of liability had already been resolved in defendant's favor in *Garcia I* (the suit by the minor plaintiff's parents), and that resolution was binding on the minor plaintiff, who was in privity with his parents.

Plaintiff opposed the motion for nonsuit, arguing there was no privity because the parents' claims were for their own emotional distress at witnessing their son's fall. Plaintiff's opposition also argued defendant was equitably estopped from invoking collateral estoppel, because, according to plaintiff, defendant had agreed that the minor child's claims could proceed to a jury determination.

The trial court rejected plaintiff's equitable estoppel argument in opposition to the nonsuit motion. The court nevertheless denied defendant's nonsuit motion because "I'm not convinced that young Antonio [plaintiff] is in privity with his parents. His only connection with them is by birth. There's no concept of some community property or an heir relationship, and I would say as far as the law is concerned Antonio is as separate from them as any stranger."

### C.  *Analysis*

At the outset, we note that plaintiff makes no claim that the trial court erred in its ruling that defendant was not equitably estopped from asserting

the doctrine of collateral estoppel. ■ In the absence of such a claim by plaintiff, we will not assume the trial court erred on this point, because an order of the trial court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)

■ Defendant contends it was entitled to nonsuit, and therefore the trial court's erroneous denial of nonsuit rendered nonprejudicial any error or irregularity that occurred during closing argument, such that no new trial could be granted. We agree.

■ A party will be collaterally estopped from relitigating an issue if "(1) the issue decided in a prior adjudication is identical with that presented in the action in question; and (2) there was a final judgment on the merits; and (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication. [Citation.] This requirement of identity of parties or privity is a requirement of due process of law. [Citation.]" (*Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098], italics omitted.) "In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication. [Citation.]" (*Clemmer v. Hartford Insurance Co., supra*, 22 Cal.3d at pp. 874, 875; accord, *Evans v. Celotex Corp.* (1987) 194 Cal.App.3d 741, 745-746 [238 Cal.Rptr. 259].)

■ Defendant argues the trial court erred in finding Antonio to be a "stranger" to the first action. We agree.

*Kaiser Foundation Hospitals v. Superior Court, supra,* 254 Cal.App.2d 327, an opinion authored by a pro tem justice sitting on Division Five of the Second Appellate District, held a minor daughter was not collaterally estopped from relitigating a hospital's liability in a suit for the wrongful death of her mother, based on medical malpractice, even though a jury had found no liability in an earlier malpractice action by the mother against the hospital based on the same facts.[3] (*Kaiser*, at p. 335.) *Kaiser* reasoned there was no privity between mother and daughter; the cause of action for wrongful death was not derivative in character or a continuation of the cause of action the mother had before her death. (*Id.* at p. 333.)

---

[3]In *Kaiser Foundation Hospitals*, the hospital petitioned for review in the Supreme Court. That court denied review; however, Chief Justice Traynor, Justice McComb, and Justice Burke voted to grant review. (*Kaiser Foundation Hospitals v. Superior Court, supra,* 254 Cal.App.2d at p. 335.)

However, *Kaiser Foundation Hospitals* has been criticized by other cases, which held heirs were barred from relitigating the liability of the defendant, who had prevailed in the decedent's prior personal injury action. (*Brown v. Rahman* (1991) 231 Cal.App.3d 1458, 1462-1463 [282 Cal.Rptr. 815] [Fourth Dist., Div. Three]; *Evans v. Celotex Corp., supra,* 194 Cal.App.3d 741, 745-747 [First Dist., Div. Five].) "*Kaiser* . . . erroneously equated the concept of privity with the existence of the same cause of action. Privity is satisfied so long as the plaintiffs' legal interests are adequately represented in the prior action. Privity is not defeated because the parties raise a different theory or cause of action in support of their rights of recovery." (*Evans, supra,* 194 Cal.App.3d at p. 747; accord, *Brown, supra,* 231 Cal.App.3d at p. 1463.)

As *Brown* notes, "In *Aguilar* v. *Los Angeles County* (1985) 751 F.2d 1089, the Court of Appeals for the Ninth Circuit, applying recent California law in a diversity case, criticized *Kaiser,* finding the case 'reflects outdated notions of privity under the California law of collateral estoppel. The concept of privity "has been expanded . . . to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify the application of the doctrine of collateral estoppel." [Citations.]' (*Id.* at p. 1093.)" (*Brown v. Rahman, supra,* 231 Cal.App.3d at p. 1463, fn. 7.)

We agree with *Evans, Brown,* and *Aguilar,* and we respectfully decline to follow *Kaiser Foundation Hospitals.* Here, as argued by defendant, the liability issues to be determined in Antonio's case were identical to those actually litigated and resolved in defendant's favor in the lawsuit by Antonio's parents. We daresay that a five-year-old child (the child's age at the time of the first trial) ordinarily has no cognizable independent interest in relitigating a liability claim that has been determined adversely to his parents. Here, the record tenders no circumstances that would make this case inordinary. Defendant also notes the same attorney has represented all three family members. (See *Trevino v. Gates* (9th Cir. 1996) 99 F.3d 911, 923.)

We conclude the parents adequately represented the minor's interests in the prior action and the trial court erred in determining privity was absent.

We conclude the nonsuit should have been granted on the ground of collateral estoppel as requested by defendant. Consequently, the case never should have gone to the jury, and any error or irregularity in closing argument was necessarily harmless. The trial court should not have granted the motion for new trial. (Cal. Const., art. VI, § 13.)

In reaching this conclusion, we emphasize that the prior jury verdict (resulting in a final judgment) in the parents' case involved a determination

of no *liability.* An entirely different scenario would be presented if the prior jury had found liability but no *damages* and we do not consider that scenario in this case.

### DISPOSITION

The order granting a new trial is reversed, and the cause is remanded to the trial court with directions to enter judgment in favor of defendant. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 26(a).)

Nicholson, J., and Morrison, J., concurred.