Filed 2/13/14  Hsu v. Cal. State Personnel Bd. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOHN HSU,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CALIFORNIA STATE PERSONNEL BOARD et al.,<br><br>    Defendants and Respondents. | D061979<br><br><br>(Super. Ct. No. 37-2011-00099531-CU-WM-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy Taylor, Judge.  Affirmed.

John Hsu, in pro. per., for Plaintiff and Appellant.

Chian He for Defendant and Respondent California State Personnel Board.

Christopher E. Thomas for Defendant and Respondent California Department of Toxic Substances Control.

John Hsu was terminated from his position with defendant Department of Toxic Substances Control (DTSC).  He thereafter, acting in propria persona, filed a petition for

writ of mandate and administrative mandamus against DTSC and the California State Personnel Board (Board), alleging he was wrongfully terminated.  The court sustained the defendants' demurrer without leave to amend, finding that Hsu failed to timely file and serve his legal action within the one-year statute of limitations set forth in Government Code[1] section 19630.  The trial court also found that Hsu, who had previously been found to be a vexatious litigant, had filed an amended pleading without first obtaining court permission.

On appeal, Hsu, acting in propria persona, has filed a 56-page brief containing a lengthy discussion of the vexatious litigant statute, which, for the most part, is irrelevant to the issues on appeal.  Hsu concedes that his petition was untimely, but asserts on appeal that the one-year statute of limitations should be equitably tolled pending the court's review of his proposed petition.  Hsu also asserts that his petition was served at the earliest practicable time and that defendants were not prejudiced by any undue delay.  Hsu asserts that the vexatious litigant statute did not bar him from filing an amended pleading.  Finally, Hsu asserts that the court erred in awarding costs to defendants.  We affirm.[2]

---

[1]     All further undesignated statutory references are to the Government Code.

[2]     On October 2, 2012, Hsu filed a request that we take judicial notice of (1) California's vexatious litigant law; and (2) a letter from the California Supreme Court.  On October 24, 2012, we denied the request for failure to comply with California Rules of Court, rule 8.252(a).  On October 29, 2012, Hsu filed a "supplemental" request that we take judicial notice of the same materials.  We again deny this request for failure to comply with rule 8.252(a).

FACTUAL AND PROCEDURAL BACKGROUND

A. *Hsu's Termination*

DTSC employed Hsu in the position of staff chemist. On February 22, 2007, DTSC served Hsu with a notice of adverse action dismissing him from his position with DTSC. Hsu appealed his dismissal to the Board. On August 17, 2010, after conducting a 21-day evidentiary hearing, the Board affirmed Hsu's dismissal. On September 17, 2010, Hsu filed a petition for rehearing with Board. On November 16, 2010, the Board denied Hsu's petition for rehearing.

B. *Request by Vexatious Litigant To File Litigation*

On October 17, 2011, Hsu, who had previously been declared a vexatious litigant, filed a request to file new litigation by vexatious litigant in the Superior Court of San Diego County. Hsu attached to this request a proposed petition for writ of mandate and administrative mandamus, naming the Board as respondent and real party in interest, in which Hsu alleged that the Board's decision upholding his termination was invalid. Hsu also alleged in his proposed petition that the Board failed to provide a complete administrative record and that the Board failed to produce certain records pursuant to the California Public Records Act. On October 28, 2011, the court issued an order denying the request to file new litigation.

On November 2, 2011, Hsu filed a supplemental brief, requesting the court reconsider its October 28, 2011 order. On November 14, 2011, the court granted Hsu's request to file new litigation by vexatious litigant. On November 21, 2011, Hsu filed a

modified version of his original petition for writ of mandate and administrative mandamus (the petition).

C. *DTSC's Demurrer*

DTSC filed a demurrer to the petition, arguing that Hsu failed to file and serve his petition within the one-year statute of limitations set forth in section 19630. In response, on January 11, 2011, Hsu amended his petition, without first obtaining permission from the trial court. Hsu's amended petition contained causes of action asserting: (1) the Board's decision sustaining Hsu's dismissal was invalid under Code of Civil Procedure section 1094.5, (2) the Board failed to produce a complete administrative record, and (3) that the Board and DTSC failed to produce documents pursuant to the California Public Records Act.

DTSC and the Board filed demurrers to the amended petition, again asserting that Hsu failed to file and serve his petition in a timely manner. DTSC also demurred on the ground that Hsu failed to obtain court permission prior to filing his amended petition.

On April 13, 2012, the court sustained the demurrers of DTSC and the Board and entered a judgment of dismissal against Hsu.[3] The court found the first cause of action was time-barred because Hsu failed to file and serve his petition within the one-year statute of limitations set forth in section 19630. The court also dismissed the second and third causes of action, concluding they were inextricably intertwined with the first cause

---

[3]    Hsu filed a letter with this court indicating that there were certain errors in the reporter's transcript of the hearing in this matter. However, the alleged errors do not affect our disposition of this matter.

of action. Finally, the court found that Hsu's action must be dismissed because he was a vexatious litigant and failed to seek court permission prior to filing his amended petition. Thereafter, the court ordered Hsu to pay $911.30 in costs to defendants.

DISCUSSION

## I. *STANDARD OF REVIEW*

"A demurrer tests the sufficiency of a complaint as a matter of law." (*Hale v. Sharp Healthcare* (2010) 183 Cal.App.4th 1373, 1379.) On appeal from a judgment sustaining a demurrer without leave to amend, we treat the demurrer as admitting all material facts properly pleaded. (*Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 975.) However, we do not consider contentions, deductions, or conclusions of fact or law alleged in the complaint. (*Kiseskey v. Carpenters' Trust for So. California* (1983) 144 Cal.App.3d 222, 228 (*Kiseskey*).)

## II. *COLLATERAL ESTOPPEL BARS HSU'S PETITION*

### A. *Background*

On May 13, 2013, at oral argument in this matter, Hsu revealed for the first time that before he had obtained permission to file this action in the San Diego County Superior Court, he had been denied permission to file the same exact action in multiple other superior courts in this state. At our request, the DTSC submitted a supplemental letter brief identifying the other actions in which he had filed identical actions requesting an order to file new litigation by a vexatious litigant, at least five of which were denied. After this litigation commenced, an additional two courts denied the same relief.

5

B. *Analysis*

"A party will be collaterally estopped from relitigating an issue if '(1) the issue decided in a prior adjudication is identical with that presented in the action in question; and (2) there was a final judgment on the merits; and (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication. [Citation.]' " (*Garcia v. Rehrig Internat., Inc.* (2002) 99 Cal.App.4th 869, 877, quoting *Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874.)

All the elements of collateral estoppel are met in this case. In the prior actions, the courts ruled on the identical issue: Whether Hsu should be granted permission to file new litigation against DTSC and the Board. That same issue was actually and fully litigated in the prior actions. An issue is considered to be "actually litigated" in a prior proceeding if it was properly raised, submitted for determination, and determined in that prior action. (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511.) In the prior actions, Hsu raised the same issues that he raises here, including his allegations related to the Board's decision to uphold his termination, and his allegations involving his procurement of the administrative record and his Public Records Act requests. He submitted all of those issues for determination, and received ruling from the courts denying his requests to file new litigation.

There also can be no doubt that there was a final judgment on the merits in each of the prior actions. Finally, the party against whom the demurrer was brought in this action is the same as in the prior actions.

6

Further, "the public policies underlying collateral estoppel ─ preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation" (*Lucido v. Superior Court* (1990) 51 Cal.3d. 335, 343) all support the trial court's decision to afford the prior litigation collateral estoppel in this matter.

Vexatious litigant statutes were enacted to curb misuse of the court system by those acting in pro per who repeatedly attempt to relitigate the same issues. (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 220-221.) Here, Hsu exhibited the behavior of a classic vexatious litigant. Within the span of two and a half months he filed eight petitions seeking identical relief against the same parties. The court's dismissal of this action promoted judicial economy by minimizing repetitive litigation. It also preserved the integrity of the judicial system.

Moreover, the court's ruling dismissing Hsu's action helped shield the Board and the DTSC from harassment stemming from having to defend against numerous, identical actions. We conclude, therefore, that Hsu's petition is barred by the doctrine of collateral estoppel.

Further, even if Hsu's action were not barred by the doctrine of collateral estoppel, the court did not err in dismissing his petition as it is untimely.

### III. *HSU'S PETITION IS UNTIMELY*

Hsu's first cause of action challenging the Board's administrative decision is subject to the one-year statute of limitations set forth in section 19630, which states in part: "An action or proceeding shall not be brought by any person having or claiming to

7

have a cause of action or complaint or ground for issuance of any complaint or legal remedy for wrongs or grievances based on or related to any civil service law in this state, unless that action or proceeding is *commenced and served within one year after the cause of action or complaint or ground for issuance of any writ or legal remedy first arose.*" (Italics added.)

Section 19630 thus establishes a one-year statute of limitations on lawsuits seeking review of State Personnel Board decisions. (*Ng v. State Personnel Board* (1977) 68 Cal.App.3d 600, 607.) The period commences when the " 'cause of action . . . first arose.' " (*Ibid.*) The cause of action arises upon the final decision of the Board. (*Ibid.*)

Hsu's first cause of action arose on November 16, 2010, when the Board denied his petition for rehearing. Therefore, Hsu had until November 15, 2011, to file *and* serve the petition. The court granted his request to file new litigation on November 14, 2011, one day before the statute of limitations expired. However, Hsu did not file his petition until November 21, 2011, and did not serve the Board until December 2, 2011. Thus, Hsu's petition is barred by the statute of limitations.

IV. *EQUITABLE TOLLING*

Hsu asserts that, under the doctrine of equitable tolling, once he, as a vexatious litigant, filed a request for permission to file a new lawsuit on October 17, 2011, the statute of limitations was tolled for the purpose of both filing and serving the petition while the court reviewed the request for permission to file new litigation. This contention is unavailing.

8

Equitable tolling suspends the statute of limitations where a plaintiff has several alternative remedies, makes a good faith, reasonable decision to pursue one remedy, and it later becomes necessary to pursue the other. This doctrine relieves a plaintiff from the burden of pursuing duplicate and possibly unnecessary procedures in order to enforce the same rights or obtain the same relief. (*Elkins v. Derby* (1974) 12 Cal.3d 410, 412.)

However, this doctrine does not apply in this action because Hsu is not pursuing multiple actions. Hsu's sole action is his petition against the Board and the DTSC. Indeed, Hsu has not presented any authority that a vexatious litigant's filing of the request for permission to instigate a lawsuit tolls the statute of limitations.

Hsu's second cause of action seeking to compel the Board to produce the complete administrative record must also be dismissed because it does not constitute an independent cause of action. The procedure to determine the adequacy of the Board's administrative record is prescribed by Code of Civil Procedure, section 1094.5, subdivision (e), which provides in part: "Where the court finds that there is relevant evidence that, in the exercise of reasonable diligence, could not have been produced or that was improperly excluded at the hearing before [the Board], it may enter judgment as provided in subdivision (f) remanding the case to be reconsidered in the light of that evidence; or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case."

Thus, Hsu cannot pursue his second cause of action as it is inextricably tied to, and dependent on, the first cause of action.

9

In his third cause of action, Hsu seeks to compel disclosure of certain public records under the California Public Records Act.  This cause of action is also inextricably tied to the first cause of action and therefore must be dismissed as well.

V.  *FAILURE TO OBTAIN PERMISSION TO FILE AMENDED PLEADING*

Hsu asserts that he was not required to seek permission to file new litigation because his amended petition did not constitute "new litigation" within the meaning of the vexatious litigant law.  We reject this contention.

Code of Civil Procedure section 391.7, subdivision (a) prohibits a vexatious litigant from filing "new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice . . . of the court where the litigation is proposed to be filed."  It is undisputed that Hsu failed to obtain such court permission with respect to his amended petition.

Hsu relies on *Shalant v. Girardi* (2011) 51 Cal.4th 1164, which he contends stands for the proposition that the vexatious litigant statute does not require court permission prior to "the filing of papers in a pending action."  However, *Shalant* is not controlling here.  As the California Supreme Court stated in a footnote in *Shalant*, "[w]e have no occasion here to decide whether, or under what circumstances, the filing of an amended complaint constitutes the filing of new litigation within the meaning of section 391.7." (*Id*. at p. 1172, fn. 2.)  Thus, our high court expressly declined to reach the issue presented in this case.

We conclude Hsu's amended petition constitutes "new litigation" within the meaning of the vexatious litigant law.  An amended pleading supersedes the original.

10

(*State Compensation Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124.)  When a plaintiff amends his complaint so as to change the cause of action or add a new one, it constitutes an abandonment of the original issues and requires an additional response. (*Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 808.)

Here, after obtaining court permission to file his original petition, Hsu filed, without permission from the court, an amended petition that differed significantly from his original petition.  The amended petition added nine new paragraphs, and modified numerous others.  The amended petition adds a new Public Records Act claim against DTSC and lists DTSC as both real party in interest and respondent.  The amended petition also adds new factual allegations against the Board, challenging the "unusually high fees" charged by it in preparing the administrative record.   Moreover, in the amended petition, Hsu asks the court to review an administrative decision sustaining disciplinary action against Hsu in 1992, as well as other administrative decisions involving Hsu in 2005 and 2006.

Hsu's reliance on *Gross v. Department of Transportation* (1986) 180 Cal.App.3d 1102 is also misplaced.  He cites *Gross* for the proposition that "[Code of Civil Procedure] section 472 does not limit what types of amendment may be made of course and without leave of court."  However, *Gross* did not involve an interpretation of the vexatious litigant statute, and thus that decision has no relevance to the issue of whether an amended petition constitutes "new litigation" within the meaning of Code of Civil Procedure section 391.7.

11

## VI. *OTHER ISSUES RAISED BY HSU*

Hsu asserts that since he alleged in his pleading that he filed his petition on October 17, 2011, that this must be accepted as true for purposes of demurrer. This contention is unavailing.

While it is generally true that material facts alleged in a complaint are treated as true for the purpose of ruling on a demurrer, as we have noted, *ante,* "contentions, deductions, or conclusions of fact or law alleged in the complaint are not considered in judging its sufficiency." (*Kiseskey, supra,* 144 Cal.App.3d at p. 228.)

Hsu's allegation that he filed his petition on October 17, 2011, amounts to a conclusion of fact or law that contradicts the undisputed fact, as shown by the record in this case, that he did not file his petition until November 21, 2011. On October 17, 2011 he only submitted his *proposed* petition for the court's approval.

Hsu also contends that the court found the Public Records Act does not apply to vexatious litigants. This contention is unavailing. The court dismissed the Public Records Act cause of action because it found it to be inextricably intertwined with first cause of action.

Hsu challenges the court's award of $911.30 in costs to defendants. Specifically, Hsu asserts that investigation expenses may not be claimed as costs. However, a review of defendants' memorandum of costs shows that they did not claim any "investigation expenses" as costs. Hsu also asserts that defendants are only entitled to costs that are "reasonably necessary." However, he fails to point to any specific costs that he contends were not necessarily incurred.

12

Hsu asserts the court erred by ruling that his briefs filed after its tentative ruling on defendants' demurrers constituted "unauthorized briefing." However, a court has discretion to refuse to consider matters submitted outside the prescribed briefing schedule. (*Hollywood Screentest of America, Inc. v. NBC Universal, Inc.* (2007) 151 Cal.App.4th 631, 643.)

Hsu also contends the court should have issued a statement of decision. However, a statement of decision is only required "upon the trial of a question of fact by the court . . . ." (Code Civ. Proc., § 632.) A statement of decision is not necessary following a ruling sustaining a demurrer as a demurrer only tests the sufficiency of the allegations in complaint and is not a "trial of a question of fact." Finally, Hsu asserts the court has targeted vexatious litigants "for undue punishment." Again, however, Hsu has provided no authority or citation to the record to support this contention.

## DISPOSITION

The judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

AARON, J.

13