980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Walter KELLERMAN and Carole Kellerman, Debtors.
Walter KELLERMAN, Defendant-Appellant,
v.
VELZY ENGINEERING & MACHINE, INC., Plaintiff-Appellee.
 No. 91-56119.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Dec. 4, 1992.
 
 1
 Before D.W. NELSON and REINHARDT, Circuit Judges, and CALLISTER***, Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Walter Kellerman appeals pro se from the decision of the Bankruptcy Appellate Panel ("BAP") affirming summary judgment in favor of Velzy Engineering on the dischargeability of Kellerman's debt to Velzy.
 
 BACKGROUND
 
 4
 This dispute arises from Kellerman's alleged breach of contract and violation of trade secrets. The dispute terminated in a 1984 state court judgment against Kellerman. Specifically, the California trial court awarded compensatory damages, punitive damages, and injunctive relief to Velzy Engineering. The California Court of Appeals affirmed.
 
 
 5
 Subsequently, in 1988, Kellerman and his wife then filed for bankruptcy. Velzy intervened, arguing that the judgment-debt owed to him was not dischargeable in bankruptcy because it emanated from fraud, embezzlement, and willful and malicious conduct on the part of Kellerman. The bankruptcy court ruled that the debt was indeed nondischargeable. The BAP affirmed, holding that the prior California appellate court decision established that the debt was attributable to embezzlement and willful and malicious conduct, and that Kellerman was collaterally estopped from re-litigating the nature of the debt.
 
 
 6
 Kellerman attacks the BAP's invocation of collateral estoppel on the ground that, while Kellerman's appeal of the state court judgment was pending, William Velzy (the owner and president of Velzy Engineering) pled guilty to soliciting Kellerman's murder. Velzy's confession states that the solicitation occurred after he had won the case at the state court trial level.
 
 
 7
 Kellerman also argued that the award of punitive damages was improper based on a recent California case. The panel disagreed.
 
 
 8
 The BAP had jurisdiction under 28 U.S.C. § 158(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.
 
 DISCUSSION
 A. Collateral Estoppel
 
 9
 Title 11 of U.S.C. §§ 523(a)(2), (4) and (6) provides that debts obtained by fraud, embezzlement, or "willful and malicious injury" are nondischargeable in bankruptcy.[1] When the case came before the bankruptcy court, the California courts had already established that the debt owed to Velzy resulted from embezzlement and from willful and malicious conduct on the part of Kellerman. The bankruptcy court and the BAP properly relied on these decisions in applying the doctrine of collateral estoppel. In Grogan v. Garner, the Supreme Court concluded that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." 111 S.Ct. 654, 658 n. 11 (1991).
 
 
 10
 Kellerman argues that collateral application of the prior state court judgment is unfair, because that judgment was substantially based on Velzy's testimony and Velzy's credibility has since been thrown into doubt by his conviction for attempted murder. However, the emergence of additional impeachment evidence is not grounds for an exception to the doctrine of collateral estoppel. See Evans v. Celotex, 194 Cal.App.3d 741, 748 (1987) (the discovery of "more persuasive evidence" is not grounds for an exception to collateral estoppel). Here, although the offense of which Velzy was convicted is related to the underlying dispute, the conviction goes only to Velzy's general credibility and does not otherwise make his testimony less likely to be true.
 
 B. Punitive Damages
 
 11
 Kellerman also argues that Adams v. Murakami requires a reversal of the punitive damage award against him. 54 Cal.3d 105 (1991). However, the doctrine of collateral estoppel again bars Kellerman's claim. "An erroneous decree which is not void on its face is forever binding and conclusive upon the parties named, upon the status defined, or upon the property described, unless upon motion seasonably made it be vacated or upon appeal it be reversed." People v. Walling, 195 Cal.App.2d 640, 648 (1961). (quoting In re Estate of Gardiner, 45 Cal.App.2d 559, 563 (1941)).
 
 
 12
 The California courts had already decided that punitive damages against Kellerman were proper, many years ago in 1984. Because the decision against Kellerman has never been reversed, the judgment is "forever binding".
 
 
 13
 Moreover, this court has held that the portion of debt allocated to punitive damages is nondischargeable under sections 523(a)(4) and (6). See In re Levy, 951 F.2d 196, 198 (9th Cir.1991), cert. denied, Palmer v. Levy, 112 S.Ct. 2965 (1992). Thus, Kellerman may not discharge the punitive damages award under federal law.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 The Honorable Marion J. Callister, Senior District Judge for the District of Idaho, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dischargeability under § 523(a)(2) is not an issue here because the bankruptcy court and the BAP rejected this claim and did not base their summary judgment on this subsection