[No. A069626. First Dist., Div. Five. Jan. 25, 1996.]

HALL, GOODHUE, HAISLEY AND BARKER, INC., Plaintiff and Appellant, v.
MARCONI CONFERENCE CENTER BOARD, Defendant and Respondent.

**COUNSEL**

Robert P. Kahn for Plaintiff and Appellant.

Harold C. Nachtrieb for Defendant and Respondent.

## OPINION

**HANING, J.**—Petitioner and appellant architectural firm Hall, Goodhue, Haisley and Barker, Inc., doing business as H.G.H.B., appeals an order denying its motion to amend a judgment confirming an arbitration award to add Marconi Conference Center Operating Corporation (MCCOC), alleged to be the alter ego of respondent Marconi Conference Center Board, a nonprofit organization, as an additional judgment debtor. Appellant contends (1) the arbitrator had no power to determine alter ego issues, and therefore the arbitration award could not have been timely corrected under Code of Civil Procedure sections 1284 and 1288; and (2) the trial court had jurisdiction to make an alter ego determination and amend the judgment accordingly.

### PROCEDURAL HISTORY AND FACTS

The record before us is less than clear. Attached to appellant's September 1992 "Petition to Confirm Arbitration Award" is a May 23, 1990, "Standard Form of Agreement Between Owner and Architect" executed by respondent as "Owner" and appellant as "Architect" for architectural services on phase two of the Marconi Conference Center. Attached to appellant's December 1994 declaration in support of its motion to amend judgment are the face sheet and signature page of an April 27, 1990, "Standard Form of Agreement Between Owner and Architect" between California State Department of Parks and Recreation as "Owner" and appellant as "Architect," purportedly regarding the same architectural services for the Marconi Conference Center. Appellant's opening brief states the contract was executed on May 23, 1990, and respondent's brief states it was executed on April 27, 1990. However, the arbitration award states appellant and respondent entered into an arbitration agreement on April 27, 1989. The arbitration provision provided for arbitration between parties to the agreement, and any other person or entity not a party to the agreement upon the written consent of the parties.

In June 1992, after a dispute arose under the agreement, an arbitration was held resulting in an award in favor of appellant against respondent in the amount of $62,372.98 plus $34,020 in attorney fees. MCCOC was not a party to any of the aforementioned contracts or to the arbitration. In December 1992 a judgment issued confirming the arbitration award. On February 1, 1993, appellant obtained an order stating that funds on deposit in the name of Marconi Conference Center alone or together with "Marconi Conference Board" were subject to levy for the December 1992 judgment. On June 2, 1993, respondent's counsel's letter to its bank explained that the judgment

was not subject to levy because there were no bank accounts in the name of "Marconi Conference Center Board" or "Marconi Conference Center." Instead, it stated the bank accounts were in the name of "[MCCOC], a California, non profit [sic], public benefit corporation."

In September 1994 the trial court denied appellant's motion to amend the judgment (Code Civ. Proc., § 187)[1] to add MCCOC as an additional defendant and judgment debtor on the ground that the court had no jurisdiction over any person or corporate entity other than respondent.

In December 1994 appellant renewed its motion to amend the judgment to add MCCOC as respondent's alter ego. In support of the motion, appellant provided a December 1989 "Operating Agreement for Marconi Conference Center" between the California Department of Parks and Recreation and MCCOC. The operating agreement states that management of the Marconi Conference Center is vested in MCCOC. Respondent again opposed the motion on the ground the court was without jurisdiction to make the factual findings necessary to modify a previously confirmed arbitration award. Following a hearing, the court again denied the motion.

### DISCUSSION

Appellant contends the trial court erred in determining it was without jurisdiction to determine whether MCCOC was respondent's alter ego and amend the judgment under section 187, adding MCCOC as an additional judgment debtor. We agree the court erred in refusing to consider the merits of appellant's motion to amend the judgment.

Section 1287.4 provides: "If an [arbitration] award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered."

Under section 187,[2] the trial court is authorized to amend a judgment to add additional judgment debtors. (*NEC Electronics, Inc.* v. *Hurt* (1989) 208 Cal.App.3d 772, 778 [256 Cal.Rptr. 441]; *Dow Jones Co.* v. *Avenel* (1984)

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[2]Section 187 states: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not

151 Cal.App.3d 144; 148 [198 Cal.Rptr. 457].) As a general rule, "a court may amend its judgment at any time so that the judgment will properly designate the real defendants." (*Dow Jones Co.* v. *Avenel*, *supra*, 151 Cal.App.3d. at p. 149, quoting *Alexander* v. *Abbey of the Chimes* (1980) 104 Cal.App.3d 39, 45 [163 Cal.Rptr. 377].) Judgments may be amended to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor. (*Carr* v. *Barnabey's Hotel Corp.* (1994) 23 Cal.App.4th 14, 20-21 [28 Cal.Rptr.2d 127]; *NEC Electronics, Inc.* v. *Hurt*, *supra*, 208 Cal.App.3d at p. 778.) ██ "Amendment of a judgment to add an alter ego 'is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant. . . . "Such a procedure is an appropriate and complete method by which to bind new . . . defendants where it can be demonstrated that in their capacity as alter ego of the corporation they in fact had control of the previous litigation, and thus were virtually represented in the lawsuit.". . .' . . ." (*Carr* v. *Barnabey's Hotel Corp.*, *supra*, 23 Cal.App.4th at pp. 21-22, internal citations omitted.)

██ Respondent contends that the cases cited by appellant under section 187 cannot be applied to the instant case which involves the amendment of a judgment confirming an arbitration award. This contention fails, given the express mandate of section 1287.4 that judgments confirming arbitration awards are subject to all the provisions of law relating to a judgment in a civil action, and may be enforced like any other civil judgment.

In this case, the parties agree that ". . . an arbitrator has no power to determine the rights and obligations of one who is not a party to the . . . arbitration proceedings." (*Carpenters 46 Northern Cal. Counties Conf. Bd.* v. *Zweigle* (1982) 130 Cal.App.3d 337, 343 [181 Cal.Rptr. 805], quoting *Unimart* v. *Superior Court* (1969) 1 Cal.App.3d 1039, 1045 [82 Cal.Rptr. 249]; accord, *American Builder's Assn.* v. *Au-Yang* (1990) 226 Cal.App.3d 170, 178 [276 Cal.Rptr. 262].) Consequently, the arbitrator was foreclosed from proceeding under section 1284, which establishes the procedure whereby an arbitrator may correct an award. Only the superior court has jurisdiction to amend the award to add an alter ego.

We conclude that appellant is entitled to a hearing before the trial court on its motion to amend the judgment. Therefore, the cause is reversed and

specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

remanded with instruction to conduct a hearing on appellant's motion to amend the judgment.

Peterson, P. J., and King, J., concurred.

A petition for a rehearing was denied February 20, 1996.