
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN ROSS, | No. 13-56291 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02640-BEN-JMA |
| v. | |
| U.S. BANK NA, as Trustee for the LXS 2007-7N Trust Fund, a National Association; BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted October 21, 2015
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: RAWLINSON and NGUYEN, Circuit Judges and PONSOR,[**] Senior District Judge.

Appellant Brian Ross (Ross) challenges the district court's dismissal of his federal complaint alleging that U.S. Bank improperly sought foreclosure of his property.

The district court properly dismissed Ross' federal complaint based on collateral estoppel. Ross' federal claims are merely the same challenge premised on different legal theories to the foreclosure action that was conclusively resolved in state court. *See Mills v. U.S. Bank*, 166 Cal.App.4th 871, 896 (2008) (articulating that "a former judgment . . . is a collateral estoppel on issues which were raised, *even though some factual matters or legal arguments which could have been presented were not*") (citations omitted) (emphasis in the original); *see also Evans v. Celotex Corp.*, 194 Cal.App.3d 741, 746-47 (1987) (stating that "[c]ollateral estoppel bars relitigation of the same issues; it does not require identity of legal theories or causes of action. If it did, there would be no end to litigation for injuries arising out of the same facts, as long as a party could offer another legal theory by which the same issue might be differently decided") (citation omitted).

---

[**] The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

Ross' argument that collateral estoppel is inapplicable because U.S. Bank was not a party to the state action is unavailing. *See DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387 (Cal. 2015) (recognizing that "[o]nly the party *against whom* the doctrine is invoked must be bound by the prior proceeding. . . .") (citation omitted) (emphasis in the original).

**AFFIRMED.**