Filed 10/31/23  Davidyan v. Moayery CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MIKE DAVIDYAN, | B315222 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21VECV00054) |
| v. | |
| MOHAMMAD MOAYERY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Virginia Keeny, Judge.  Affirmed.

Mike Davidyan, in pro. per., for Plaintiff and Appellant.

Dennis P. Block & Associates, Dennis P. Block and Vicken Hagop Karagueuzian for Defendants and Respondents.

———————————

Appellant Mike Davidyan (Davidyan) was evicted from a property owned by respondents Mohammad Moayery (Moayery) and Parvaneh Moshir Afshar (Afshar) (collectively respondents). Two years later, Davidyan sued respondents for damages caused by mold exposure during his tenancy. The trial court sustained respondents' demurrer, finding that because Davidyan had raised the mold issue as a habitability defense in the unlawful detainer case, his claims were barred by collateral estoppel. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

### I. The Unlawful Detainer Action

In February 2017, Davidyan entered into a lease for a residential property owned by respondents (the property). In October 2018, Moayery sued Davidyan for unlawful detainer. Davidyan's answer alleged that the property was not habitable due to, among other things, "fungus" in the home. Two months later, the trial court entered a judgment of possession for Moayery and awarded him nearly $20,000 in holdover damages.

Davidyan appealed from the unlawful detainer judgment, arguing that the trial court ignored his testimony that the property had "fungus and mold and . . . is in not habitable [*sic*]." Davidyan also attached a declaration "which discussed the mold

---

[1] Although we granted Davidyan's motion to augment the record, the appellate record is incomplete. It contains only four documents: (1) Davidyan's first amended complaint; (2) respondents' demurrer to Davidyan's original, inoperative complaint; (3) the trial court's ruling; and (4) Davidyan's notice of appeal. Our summary of the case is compiled from these documents.

2

and [his] health." The appellate division of the superior court affirmed the unlawful detainer judgment.[2]

## II.   Davidyan's Lawsuit and Appeal

In May 2021, Davidyan filed a first amended complaint suing respondents for negligence and intentional infliction of emotional distress.[3]  Both claims arose from injuries allegedly caused by mold exposure during his tenancy.  Respondents demurred, arguing, among other things, that Davidyan's claims were barred by collateral estoppel.  After reviewing the available record from the unlawful detainer case, the trial court agreed and sustained respondents' demurrer without leave to amend.[4]

Davidyan timely appealed.

## DISCUSSION

## I.   Standard of Review

"Our Supreme Court has set forth the standard of review for ruling on a demurrer dismissal as follows:  'On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable

---

[2]    As this document does not appear in the appellate record, we presume that the trial court's order describing it is correct. (See Evid. Code, § 664.)

[3]    Davidyan's original complaint, filed four months earlier, included several additional claims not repeated in his amended complaint.

[4]    Although Afshar was not a party in the unlawful detainer action, the trial court also sustained respondents' demurrer as to her because, as Moayery's wife and co-owner of the property, she was his privy and thus equally entitled to the protection of collateral estoppel.

3

interpretation, and treats the demurrer as admitting all material facts properly pleaded.  [Citations.]  The court does not, however, assume the truth of contentions, deductions or conclusions of law.  [Citation.]  The judgment must be affirmed "if any one of the several grounds of demurrer is well taken.  [Citations.]"  [Citation.]  However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.  [Citation.]'" (*Payne v. National Collection Systems*, Inc. (2001) 91 Cal.App.4th 1037, 1043–1044 (*Payne*).)

"Where 'all of the facts necessary to show that an action is barred by res judicata are within the complaint or subject to judicial notice, a trial court may properly sustain a general demurrer.  [Citation.]' [Citation.]" (*Shine v. Williams-Sonoma, Inc.* (2018) 23 Cal.App.5th 1070, 1076–1077.)

## II.    **Applicable Law**

"Collateral estoppel is one aspect of the broader doctrine of res judicata.  [Citation.]  'Where res judicata operates to prevent relitigation of a cause of action once adjudicated, collateral estoppel operates (in the second of two actions which do not involve identical causes of action) to obviate the need to relitigate issues already adjudicated in the first action. [Citation.]" (*Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 878.)

Under the collateral estoppel doctrine, an issue cannot be relitigated if it is identical to one that was litigated and necessarily decided in a previous proceeding, and if the party seeking to relitigate the issue was either a party to the prior proceeding or in privity with a party. (*Mills v. U.S. Bank* (2008) 166 Cal.App.4th 871, 895–896.)

4

### III. Analysis

The demurrer in this case, sustained solely on collateral estoppel grounds, was "well taken" (*Payne*, *supra*, 91 Cal.App.4th at p. 1043) and thus must be affirmed. In the unlawful detainer action, Davidyan argued that the property was uninhabitable due to, among other things, significant levels of fungus and mold. He reiterated this argument in his appeal from the judgment, explicitly connecting the mold problem to health issues. In both proceedings, the presiding courts ruled against him. The unlawful detainer judgment thus resolved the issue of the property's habitability, which is central to Davidyan's current claims about mold exposure.

Davidyan insists that the unlawful detainer judgment should not preclude this lawsuit, due to the summary nature of the unlawful detainer hearing. But while "a judgment in unlawful detainer usually has very limited res judicata effect" due to the "'summary' . . . character" of the proceedings, the "'full and fair' litigation of an affirmative defense . . . if it is raised without objection, and if a fair opportunity to litigate is provided[,] will result in a judgment conclusive upon issues material to that defense." (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 255, 256–257.) In this case, Davidyan twice argued—both at the unlawful detainer trial and on direct appeal—that the property was uninhabitable due to dangerous levels of mold; that argument was twice rejected. Under these circumstances, collateral estoppel attaches to the unlawful detainer judgment and bars Davidyan's current claims.

Davidyan also appears to challenge the trial court's finding that habitability issues were fully and fairly litigated in the unlawful detainer proceedings. However, because he provides no

5

records or transcripts from the unlawful detainer trial or appeal, he has not presented an adequate record to show that these issues were not fully adjudicated therein. (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 622 ["Under well-established rules of appellate procedure, . . . the appellant . . . has the burden to provide an adequate record on appeal and to affirmatively show error."]; see also *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 ["'Failure to provide an adequate record on an issue requires that the issue be resolved against [the] appellant. [Citation.]' [Citation.]"].)

Lastly, Davidyan argues that collateral estoppel should not apply because his claims are based on new evidence discovered after the unlawful detainer judgment.[5] But "new evidence, however compelling, is generally insufficient to avoid application of collateral estoppel." (*Direct Shopping Network, LLC v. James* (2012) 206 Cal.App.4th 1551, 1561; see also *Evans v. Celotex Corp.* (1987) 194 Cal.App.3d 741, 748 ["An exception to collateral estoppel cannot be grounded on the alleged discovery of more persuasive evidence. Otherwise, there would be no end to litigation"].)

Even if we were to consider this new evidence, it would not affect our collateral estoppel analysis. Regardless of what evidence is used to support Davidyan's current claims, the fact remains that they are premised on an issue identical to one decided in the unlawful detainer judgment—namely, the existence of significant levels of mold in the property during his tenancy.

---

[5] The new evidence includes information about the level of mold in the property, the mold's effect on Davidyan's health, and respondents' alleged concealment of habitability issues.

6

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
HOFFSTADT


_____, J.*
KWAN

_____

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


7