Filed 9/23/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ANGEL LYNN REALTY, INC., | C101389 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2015-00186631-CU-PN-GDS) |
| v. | |
| STEVE GEORGE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Richard K. Sueyoshi, Judge. Reversed.

Gavrilov & Brooks, Eliezer M. Cohen and Matthew R. Richard for Plaintiff and Appellant.

Retitlelaw and Kevin Spainhour for Defendants and Respondents.

Code of Civil Procedure section 187 grants courts "all the means necessary" to carry their jurisdiction into effect. Among other things, it authorizes a trial court to amend a judgment "to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor." (*Hall, Goodhue, Haisley &*

1

*Barker, Inc. v. Marconi Conf. Center Bd.* (1996) 41 Cal.App.4th 1551, 1555.) Plaintiff Angel Lynn Realty, Inc. (ALR) filed such a motion seeking to add defendant Steve George as an additional judgment debtor to a $1 million judgment entered against defendant Real Estate Portfolio Management, LLC (REPM). The trial court denied the motion, finding it was barred by collateral estoppel because it had already decided George was not REPM's alter ego. ALR argues this was error because its motion was based entirely on events that occurred *after* the trial court's decision, and collateral estoppel does not apply "if new facts or changed circumstances have occurred since the prior decision." (*Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines, Inc.* (2014) 231 Cal.App.4th 134, 179 (*Union Pacific*).) We agree, and we thus reverse and remand to the trial court to determine in the first instance whether new facts or changed circumstances have occurred since the prior decision that change the alter ego analysis.

## BACKGROUND

ALR filed a lawsuit against REPM and George alleging causes of action for breach of a partnership agreement and breach of fiduciary duty, among others. The complaint also alleged George was the alter ego of REPM.[1]

A bench trial was held in August 2021, and the court issued a lengthy statement of decision in March 2022. As relevant here, the trial court found there was a partnership agreement between ALR and REPM pursuant to which the parties agreed to purchase, rehabilitate, and sell properties and split the profits equally. It also found REPM breached the partnership agreement by failing to pay ALR over $800,000 in profits as promised. Relatedly, it found a fiduciary relationship existed between ALR and REPM because they were partners, and REPM breached its fiduciary duties to ALR in the same manner as it breached the partnership agreement. It found ALR was entitled to almost

---

[1] The complaint is not part of the record on appeal, but it is quoted and described in various documents that are part of the record.

$1 million in damages and prejudgment interest from REPM for breach of the partnership agreement and breach of fiduciary duty. It also found ALR had not proven its allegation that George was the alter ego of REPM. In April 2022, judgment was entered accordingly. The judgment stated, "Plaintiff ALR has not proved a basis for defendant Steve George to be liable for the conduct of defendant REPM under an alter ego theory."

When REPM did not pay the judgment, ALR began collection efforts that culminated with a debtor's examination in December 2023 of George and his wife, who are REPM's sole members.[2] According to ALR, the debtor's examination showed that *after* the judgment was entered, George fraudulently drained REPM of all of its assets in order to prevent ALR from satisfying its judgment. ALR thus filed a motion to amend the judgment to add George as a judgment debtor on the ground that postjudgment events "revealed an immense fraud perpetrated by George to avoid payment of this judgment," which justified adding him to the judgment as REPM's alter ego.

REPM and George opposed the motion, arguing, among other things, that it was barred by res judicata and/or collateral estoppel because the trial court had already decided the alter ego issue.[3] They also argued ALR failed to establish George was REPM's alter ego.

---

[2] Collection efforts did not go smoothly. When REPM failed to respond to written discovery, ALR filed a motion to compel. The court granted the motion and ordered REPM to respond, but it failed to do so. ALR also made several unsuccessful attempts to conduct a debtor's examination, and the court ultimately issued a bench warrant for George's arrest. In the meantime, REPM had appealed the judgment, and ALR filed a motion to dismiss the appeal, citing the "disentitlement doctrine," pursuant to which "[a]n appellate court has the inherent power . . . to dismiss an appeal by a party that refuses to comply with a lower court order." (*Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225, 1229.) On August 25, 2023, we granted the motion and dismissed the appeal. (*Lynn v. George* (Aug. 25, 2023, C096525) [app. dism.].)

[3] Because the parties primarily use the terms res judicata and collateral estoppel, we do as well. We note, however, that the "current practice" is "to use the term 'claim

In its reply, ALR cited *Union Pacific, supra*, 231 Cal.App.4th at page 179, for the proposition that res judicata and collateral estoppel do not apply "if new facts or changed circumstances have occurred since the prior decision." ALR argued its motion was based on actions George took *after* the judgment was entered.

The trial court denied the motion. It held res judicata (or claim preclusion) was not applicable because it "prevents relitigation of the same cause of action in a second suit between the same parties" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896), but here, ALR was attempting to amend the judgment in its first suit and was not asserting a cause of action in a second suit. It also noted res judicata "applies to *causes of action*," but "allegations of alter ego do not constitute an independent cause of action"; instead, "[a]lter ego is a theory of liability that may expend to additional persons . . . liability that is established on an underlying cause of action."[4] (See, e.g., *Leek v. Cooper* (2011) 194 Cal.App.4th 399, 418-419 ["A claim based upon an alter ego theory is not itself a claim for substantive relief. [Citation.] It is a procedural device by which courts will disregard the corporate entity in order to hold the alter ego individual liable on the obligations of the corporation"].)

As relevant here, the trial court also held collateral estoppel (or issue preclusion) was applicable because it "may be used to preclude the relitigation of issues in the *same*

preclusion' to describe . . . res judicata . . . and the term 'issue preclusion' to denote collateral estoppel." (*Cal Sierra Development, Inc. v. George Reed, Inc.* (2017) 14 Cal.App.5th 663, 671; see also *Samara v. Matar* (2018) 5 Cal.5th 322, 326 ["We now refer to 'claim preclusion' rather than 'res judicata' [citation], and use 'issue preclusion' in place of '. . . collateral estoppel' "]; *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823-824 [noting "our terminology in discussing the preclusive effect of judgments has been inconsistent and may have caused some confusion" and it has used these terms "with imprecision"].)

[4]     Neither party challenges the trial court's ruling that res judicata is not applicable, and we thus have no reason to review its propriety.

4

action."[5]  It then held collateral estoppel barred ALR from relitigating the alter ego issue because that issue had been adjudicated and decided at trial and judgment had been entered finding George was not the alter ego of REPM.  In response to ALR's argument that collateral estoppel does not apply if there are new facts or changed circumstances that were not in existence at the time judgment was entered, the court found, "This is certainly true.  In fact, nothing in the Court's ruling here bars (or could bar) ALR from bringing new causes of action, including alter ego allegations, against REPM and George based on new facts that occurred subsequent to this action."  It then reiterated, "ALR is precluded from relitigating the issue of alter ego presented at trial and adjudicated on the merits in this case."

ALR filed a timely notice of appeal.[6]

## DISCUSSION

### I

### *Relevant Law and Standard of Review*

This case involves three different bodies of law and three different standards of review.

First, the law of alter ego liability.  "Ordinarily a corporation is considered a separate legal entity, distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations.  [Citation.]  The same is true of a limited liability

---

[5]     Neither party challenges this aspect of the trial court's decision, and we thus have no reason to review its propriety.

[6]     An order denying a motion to amend a judgment is appealable as "an order made after" an appealable final judgment.  (Code Civ. Proc., § 904.1, subd. (a)(2); see also *Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1071 ["The order denying the motion to amend the judgment to add . . . a judgment debtor as an alter ego . . . affects the final judgment by finally determining the rights and liabilities of the parties arising from the judgment" and is thus "an appealable order"].)

company (LLC) and its members and managers.[7] [Citations.] [¶] That legal separation may be disregarded by the courts 'when [a corporation or LLC] is used [by one or more individuals] to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.' [Citations.] In those situations, the corporation's or LLC's actions will be deemed 'to be those of the persons or organizations actually controlling the corporation, in most instances the equitable owners. [Citations.]' [Citation.] [¶] 'The alter ego doctrine prevents individuals . . . from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds.' [Citation.] . . . [Citation.] Before the alter ego doctrine will be invoked in California, two conditions generally must be met. [¶] 'First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone.' [Citation.]" (*Curci Investments, LLC v. Baldwin* (2017) 14 Cal.App.5th 214, 220-221.) "We uphold a trial court's ruling of alter ego liability if it is supported by substantial evidence as the invocation of alter ego liability 'is primarily one for the trial court and is not a question of law.' " (*Kao v. Joy Holiday* (2020) 58 Cal.App.5th 199, 206.)

---

**7** REPM is a limited liability company. "A limited liability company is a hybrid business entity formed under the Corporations Code and consisting of at least two 'members' [citation] who own membership interests [citation]. The company has a legal existence separate from its members. Its form provides members with limited liability to the same extent enjoyed by corporate shareholders [citation], but permits the members to actively participate in the management and control of the company [citation]." (9 Witkin, Summary of Cal. Law (2004 supp.) Corporations, § 43A, p. 382.) "A member of a limited liability company shall be subject to liability under the common law governing alter ego liability." (Corp. Code, § 17703.04, subd. (b).)

Second, and relatedly, the court's authority pursuant to Code of Civil Procedure section 187 to grant a motion "to amend a judgment to add an alter ego of an original judgment debtor, and thereby make the additional judgment debtor liable on the judgment.  [Citation.]  Amending a judgment to add an alter ego of an original judgment debtor ' "is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant." ' " (*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 280.)  To prevail on such a motion, "the judgment creditor must show, by a preponderance of the evidence, that '(1) the parties to be added as judgment debtors had control of the underlying litigation and were virtually represented in that proceeding; (2) there is such a unity of interest and ownership that the separate personalities of the entity and the owners no longer exist; and (3) an inequitable result will follow if the acts are treated as those of the entity alone.' "[8] (*Highland Springs*, at p. 280.)  "The trial court's decision to amend a judgment to add a judgment debtor is reviewed for an abuse of discretion," and "[f]actual findings necessary to the court's decision are reviewed to determine whether they are supported by substantial evidence." (*Favila v. Pasquarella* (2021) 65 Cal.App.5th 934, 943; see also *Triyar Hospitality Management, LLC v. WSI (II)-HWP, LLC* (2020) 57 Cal.App.5th 636, 640 [it is "well settled that the standard of review of an order amending the judgment adding alter ego parties is abuse of discretion"].)

Third, and finally, collateral estoppel.  "Collateral estoppel (also known as 'issue preclusion') is a judicially created doctrine which operates to bar the relitigation of issues previously adjudicated." (*Conservatorship of Buchenau* (2011) 196 Cal.App.4th 1031, 1040.)  The purpose of the doctrine "is 'to prevent a party from repeatedly litigating an

---

[8]     Note that Nos. (2) and (3) are the same things that must be shown to establish alter ego liability.  (*Curci Investments, LLC v. Baldwin, supra*, 14 Cal.App.5th at p. 221.)

7

issue in order to secure a different result' when it had a full and fair opportunity to do so previously. [Citation.] Collateral estoppel ' "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." ' " (*Union Pacific, supra*, 231 Cal.App.4th at p. 179.) "An earlier ruling 'will be given collateral estoppel effect when (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who was in privity with such a party; and (5) the former decision is final and was made on the merits.' " (*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 617.) However, "Collateral estoppel does not bar a later claim if new facts or changed circumstances have occurred since the prior decision." (*Union Pacific*, at p. 179.) The doctrine " 'was never intended to operate so as to prevent a re-examination of the same question between the same parties where, in the interval between the first and second actions, the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants.' " (*Evans v. Celotex Corp.* (1987) 194 Cal.App.3d 741, 748.) "Since it constitutes a question of law, the trial court's application of collateral estoppel is reviewed de novo." (*Union Pacific*, at p. 179; see also *Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 321 ["Whether collateral estoppel applies is a question of law reviewed de novo"].)

ALR argues that the standard of review in this case is de novo because the trial court denied its motion solely on collateral estoppel grounds, while REPM and George argue the standard of review is abuse of discretion because ALR appeals from an order denying a motion to amend. We agree with ALR. The trial court denied ALR's motion to amend based solely on collateral estoppel and it did not reach the merits of ALR's argument that, based on postjudgment events, George should be deemed the alter ego of REPM and added as a judgment debtor.

8

*Analysis*

The trial court denied ALR's motion to amend based on collateral estoppel, finding it had already determined George was not REPM's alter ego and ALR was thus precluded from relitigating that issue. It erred in so finding, at least without considering ALR's argument that its motion was based on new facts or changed circumstances that occurred *after* the prior determination.

As noted above, collateral estoppel prevents the relitigation of issues that have already been decided if certain requirements are met. "However, the estoppel effect of a judgment extends only to the facts in issue as they existed at the time the prior judgment was rendered. [Citation.] Some issues are not static, that is, they are not fixed and permanent in their nature. When a fact, condition, status, right, or title is not fixed and permanent in nature, then an adjudication is conclusive as to the issue at the time of its rendition, but is not conclusive as to that issue at some later time." (*People v. Carmony* (2002) 99 Cal.App.4th 317, 322.) "The limitation on collateral estoppel in changed circumstances does not apply simply because a party claims to have discovered new evidence that would make an original claim more persuasive. [Citation.] Instead, the limitation is restricted to those situations in which the rights of the parties are not static, but depend upon a current assessment of all the facts in light of applicable law." (*Id*. at p. 323; see also *Evans v. Celotex Corp., supra*, 194 Cal.App.3d at p. 748 ["An exception to collateral estoppel cannot be grounded on the alleged discovery of more persuasive evidence. Otherwise, there would be no end to litigation"].) Although it does not use these terms, ALR contends, in essence, that the issue of alter ego liability is one of those issues that is not static and can change over time. We agree. Here is a simple example.

Assume Corporation ABC (ABC) borrows $100 from John and fails to repay it. Assume further that ABC has one shareholder—Jane. John sues ABC and Jane to recover the $100, and he alleges Jane is the alter ego of ABC. At trial, John proves ABC

owes him $100 but fails to prove Jane is the alter ego of ABC. Instead, the trial court finds ABC and Jane have never comingled funds; Jane has never treated ABC's assets as her own or diverted its assets to herself to the detriment of creditors; corporate formalities were always observed; and ABC was adequately capitalized and had $1,000 in assets at the time of trial. The trial court also finds no inequitable result would follow if ABC's corporate separateness from Jane was respected. The trial court enters judgment against ABC (but not against Jane) for $100.

After judgment is entered, Jane decides John will never collect a penny from ABC, and she transfers all of ABC's assets to herself and dissolves the corporation. If John thereafter moved to amend the judgment to add Jane as a judgment debtor based on an alter ego theory, would collateral estoppel preclude him from doing so on the ground the alter ego issue had already been decided against him? We do not believe it would. Although the alter ego issue was litigated and decided, the relevant facts and circumstances materially changed after the judgment was entered. To put it another way: When the judgment was entered, Jane was not ABC's alter ego, but based on postjudgment events, she became ABC's alter ego, and it would be inequitable to continue to respect ABC's corporate separateness from Jane. As noted above, "collateral estoppel 'was never intended to operate so as to prevent a re-examination of the same question between the same parties where, in the interval between the [judgment and attempts to collect thereon], the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants.' " (*Evans v. Celotex Corp., supra*, 194 Cal.App.3rd at p. 748; see also *Union Pacific, supra*, 231 Cal.App.4th at p. 179 ["Collateral estoppel does not bar a later claim if new facts or changed circumstances have occurred since the prior decision"]; *United States Golf Assn. v. Arroyo Software Corp.* (1999) 69 Cal.App.4th 607, 616 ["Collateral estoppel does not apply where there are changed conditions or new facts which did not exist at the time of the prior judgment"]; *Favila v. Pasquarella, supra*, 65 Cal.App.5th at p. 946 ["obviously,

10

the [judgment creditor] could not have litigated the issue of [the defendant's] postjudgment conduct prior to the entry of the judgment"].)  So, too, in this case—at least, according to ALR.

As for whether ALR is correct that new, postjudgment facts and/or changed circumstances show that George is now REPM's alter ego, we remand this case to the trial court to decide that question in the first instance.  In remanding this case, we express no opinion on how the trial court should rule on this issue.  As the trial court noted in its thorough statement of decision:

" 'Alter ego is an extreme remedy, sparingly used.' *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 539.  'It is the plaintiff's burden to overcome the presumption of the separate existence of the corporate entity.' *Mid-Century Insurance Co. v. Gardner* (1992) 9 Cal.App.4th 1205, 1212.  The plaintiff has the burden of proving each fact essential to its claims by a preponderance of the evidence.  *See* Cal. Evid. Code §§ 115, 500; *Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 464; *Weiner v. Fleischman* (1991) 54 Cal.3d 476, 483.  In determining alter ego, ' "the matter is particularly within the province of the trial court.  This is because the determination of whether a corporation is an alter ego of an individual is ordinarily one of fact." ' *Misik* [*v. D'Arco, supra*], 197 Cal.App.4th at 1071-72 (quoting *Alexander v. Abbey of the Chimes* (1980) 104 Cal.App.3d 39, 46)."

Because this issue is "particularly within the province of the trial court," we decline to decide it on appeal.

We also note the parties disagree on precisely what the trial court decided on the alter ego issue when it issued its statement of decision and entered judgment thereon.  As noted above, there are two requirements for establishing alter ego liability:  " 'First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist.  Second, there must be an inequitable result if the acts in question are treated

11

as those of the corporation alone.' " (*Curci Investments, LLC v. Baldwin, supra*, 14 Cal.App.5th at p. 221.)  The plaintiff has the burden of establishing both requirements. (*Mid-Century Ins. Co. v. Gardner, supra* 9 Cal.App.4th at p. 1212; *MacPherson v. Eccleston* (1961) 190 Cal.App.2d 24, 27.)

Here, in its entirety, is the trial court's finding on whether ALR met its burden of establishing George was REPM's alter ego:

"The Court finds that ALR has not sufficiently proved George is the alter ego of REPM.  Importantly, ALR must prove two separate factors to establish alter ego liability. The first requirement is that there is such a unity of interest and ownership that the separate personalities of George and REPM no longer exist.  In this regard, ALR argues that REPM failed to file Statements of Information and that George engaged in certain personal transactions for his personal benefit using REPM's funds, including gifts funds to Armstrong and assisting her in purchasing a home, and extending the disputed personal loan to Lynn.  (Plaintiffs' Brief at 28:11-29:21.)  Defendants oppose each of Plaintiffs' arguments and explain why Plaintiffs' cited evidence does not demonstrate the required unity of interest.  (Defendants' Closing at 3:12-6:4.)  Plaintiffs argue nothing in rebuttal on these points.

"The second requirement is that if the acts are treated as those of REPM alone, an inequitable result will follow.  *ALR did not prove or address this factor*.  Even if there was no separateness between George and REPM, ALR did not prove that REPM is undercapitalized, does not own any property assets or cash resources, is structured in a way that otherwise evades creditors and collection of debts or judgments, etc.  In sum, the Court finds that ALR has not proved a basis for alter ego liability."

The trial court clearly found ALR failed to prove the second requirement; indeed, it found ALR failed to even address this requirement.  However, it is unclear whether it made any finding regarding the first requirement, or whether it declined to decide that issue because ALR failed to prove the second requirement and thus could not establish

alter ego liability even if it proved the first requirement. The trial court is in a much better position than we are to know precisely what it found on the alter ego issue, and thus to determine whether new facts or changed circumstances exist that change that finding.

## DISPOSITION

The order denying ALR's motion to amend the judgment is reversed and this case is remanded to the trial court. ALR shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


_____/s/_____<br>
EARL, P. J.

We concur:


_____/s/_____
BOULWARE EURIE, J.


_____/s/_____
MESIWALA, J.

13